Irene C. REDMAN et al.

v.

ZONING AND PLATTING BOARD OF
REVIEW of the TOWN OF
NARRAGANSETT et al.

No. 82–339–M.P.

Supreme Court of Rhode Island.

April 26, 1985.

Archibald B. Kenyon, Jr., Wakefield, for
petitioners.

Matthew F. Callaghan, Jr., Torgen & Cal-
laghan, North Kingstown, for respondents.

## OPINION

SHEA, Justice.

This matter is before the Supreme Court
on a petition for a writ of certiorari filed by
Irene C. Redman (Irene) and her husband,
Charles Edward Redman (Charles), to re-
view a Superior Court judgment that sus-
tained decisions of the Zoning and Platting
Board of Review of the Town of Narragan-
sett (the board). The board had denied a
petition for a variance of frontage and area
requirements and also a request for a
building permit. We reverse.

The following facts are undisputed.
From August 1957 until February 22, 1980,
Irene and Charles owned five lots on Pine
Avenue in Narragansett, Rhode Island, as
joint tenants. The lots, numbered 122, 123,
124, 125, and 126, are of the same dimen-
sions—fifty feet of frontage and one hun-
dred feet in depth. In 1957 petitioners
built a summer house upon lot 126, which
is the only lot with a structure upon it.[1]

All five lots were in compliance with the
applicable zoning ordinances until 1974
when the Narragansett Town Council en-
acted an amendment to its zoning ordi-
nance that required each lot to have a
frontage of one hundred feet and a total
area of ten thousand square feet. Section
8.2 of that ordinance provided that

"[i]f adjacent land in the same ownership
is not sufficient to meet the minimum
frontage requirements or minimum area
requirements, or both, then the largest
area and frontage which the adjoining
common ownership make possible shall
be provided."

Thus, the terms of the amended ordinance
required petitioners, as joint owners of lot
126, now a substandard lot of record, and
of lot 125, an adjacent lot, to merge the two
lots to permit lot 126 to meet the minimum

---

1. The only factual dispute between the parties
involves respondent's contention that a portion
of lot 125 was cleared and landscaped to be
used in conjunction with the house on lot 126.
The petitioners contend that they did not make
any use of the lots adjoining 126.

frontage and area requirements of the zoning ordinance.

Since common ownership of contiguous lots 125 and 126 was the predicate for requiring their merger to meet zoning requirements under the ordinance, on February 22, 1980, petitioners recorded deeds putting title to their jointly held lots in their individual names in order to establish separate ownership. Title to lot 126 with the house on it, lot 122, and lot 123 was put in the name of Irene C. Redman. Title to lot 124 and lot 125 was put in the name of Charles Edward Redman. As a result, lot 126 became a separately owned lot that was no longer contiguous to other lots in the same ownership, whereas lots 124 and 125 could be combined to meet the zoning requirement as could lots 122 and 123.

By creating separate ownership of these lots, petitioners intended to take advantage of a provision of section 8.2 which provides that

> "where no adjacent land is in the same ownership so as to enable the formation of a larger lot it shall be necessary to receive a variance from the Zoning and Platting Board of Review. In granting relief from the provisions of this Ordinance the Board shall grant the least variance from the provisions needed to remove the unnecessary hardship." [2]

On April 8, 1980, Irene applied to the Narragansett Zoning and Platting Board of Review for a variance for lot 126 requesting that a variance be granted for the area and yard dimensions. Charles applied to the Building Inspector of the Town of Narragansett for a building permit for lots 124 and 125. His application was denied. Charles appealed to the board. On May 29, 1980, the board rendered decisions denying Irene's application for a variance and Charles's appeal from the denial of a building permit. The board's decisions were based upon the following findings: (1) Irene failed to satisfy the standard of proof necessary to obtain a variance; (2) any

hardship being suffered by the petitioners was self-created; (3) section 8 of the zoning ordinance authorizes the building of only two one-family homes on the five lots.

The petitioners subsequently filed individual complaints with the Superior Court on June 17, 1980, seeking review of the board's decisions. Since the two cases essentially involved the same factual background, they were consolidated by the Superior Court for the purpose of rendering a decision. After reviewing the record, the trial justice determined that the board's decisions did not deprive petitioners of all beneficial use of their property. Noting the standard of review appropriate to appeals from zoning-board decisions pursuant to G.L.1956 (1980 Reenactment) § 45–24–20, the trial justice concluded that the board's decisions were supported by substantial evidence and were not characterized by an abuse of discretion. On June 22, 1982, the trial justice affirmed the decisions of the board and dismissed petitioners' appeals. The petitioners then petitioned this court for the issuance of a writ of certiorari.

■ The issue before us is whether the trial justice erred in sustaining the board's decisions that denied both the application for a variance and the appeal from the denial of a building permit. In reviewing the trial court's decision by way of certiorari, "we apply the 'some' or 'any' evidence test and review the record to determine whether legally competent evidence exists to support [its findings]." *Toohey v. Kilday,* — R.I. —, —, 415 A.2d 732, 735 (1980). "[I]n order to reverse the judgment below we must find that the trial justice misapplied the law, or that his findings were clearly wrong, or that he misconceived or overlooked material evidence." *Camara v. City of Warwick,* 116 R.I. 395, 407, 358 A.2d 23, 31 (1976).

The petitioners contend that lot 126 and the house thereon was a nonconforming

---

**2.** In retrospect, however, because of our holding in this case, it was unnecessary for petitioners to place the jointly held lots in their individual names.

use, thereby entitling them to a building permit for lots 124 and 125.[3] We agree.

 Our reading of the amended ordinance indicates that holders of legal nonconforming uses are protected. Sections 10.1 and 10.2 of the amended ordinance provide that

> "[a]ny building or use, which was lawfully in operation at the time of the passage of this Ordinance but is not in conformity with the provisions of this Ordinance, shall be considered as a legal non-conforming use."

> "Any legal non-conforming use shall be permitted to continue until such time that such use is discontinued, destroyed, demolished or changed."

Since lot 126 and the building thereon "[were] lawfully in operation at the time of the passage of [the above amended ordinance]" but became nonconforming only after its passage, it qualifies as a legal nonconforming use. Accordingly, under the very terms of the amended ordinance, lot 126 and the building thereon should be permitted to continue. Therefore, the petitioners are entitled to the relief they are seeking.

For the reasons stated, the petition for certiorari is granted, the judgment of the Superior Court is quashed, and the papers in this case are remanded to the Superior Court with our decision endorsed thereon.

---

**3.** Since resolution of this issue is dispositive, we need not address the other issues raised by petitioners.