**Manuel BRUM et al.**

v.

**William J. CONLEY, Jr., in his capacity as City Solicitor for the City of East Providence.**

**EMPIRE PROPERTIES, Inc.**

v.

**Richard CROKE et al.**

Nos. 89–160–M.P., 89–414–M.P.

Supreme Court of Rhode Island.

April 13, 1990.

William C. Maaia, Cathy LaMarca Gibson, Slepkow, Slepkow & Rappoport, Inc., East Providence, for Empire Properties.

William Conley, Jr., City Sol., pro se.

James M. Russo, Marzilli & Lanni, East Providence, for petitioners.

## OPINION

FAY, Chief Justice.

We have granted a motion to consolidate these matters since these actions present identical issues of law. These matters come before us by means of petitions for writs of certiorari filed by William J. Conley, Jr., to review two separate decisions by the Superior Court reversing the City of East Providence Zoning Board of Review and granting the petitions of both respondents for variances to build on certain undersized lots. We reverse the judgments of the Superior Court and affirm the decisions of the zoning board.

The respondents, Manuel and Maria E. Brum (the Brums), own a parcel of land in East Providence, located in an R–6 zoning district. The minimum-lot-area requirement is 5,000 square feet. The Brums applied to the zoning board for a variance to divide their parcel into two 3,360–square–foot lots and to build a single-family house on the created lot for their daughter (the other parcel would contain the already existing residence). The property was originally purchased as two separate lots in 1977 but was transformed into one conforming lot. A hearing was held on March 25, 1987, and the variance was denied. The board decided that without a variance the applicants would not be deprived of all beneficial use. Additionally, it was pointed out that the division would create two nonconforming, undersized lots. The petition was resubmitted at a hearing on March 30, 1988, and was subsequently denied. The Brums' application for a building permit was denied as well.

The Brums appealed the decision to the Superior Court on April 17, 1987, pursuant to G.L.1956 (1980 Reenactment) § 45–24–20 (the two subsequent matters were incorporated into the record by stipulation). The Superior Court reversed the board's decision, holding that the principle enunciated by us in *Redman v. Zoning and Platting Board of Review of Narragansett*, 491 A.2d 998 (R.I.1985), should have been applied, thereby precluding the merger provision of the East Providence zoning ordinance (passed in 1966) from taking effect. The court found that the merger provision was rendered ineffective because the original lots were recorded in 1900, long before the relevant ordinance was passed.

The respondent, Empire Properties, Inc., also owns property in East Providence. Its land is located in an R–4 zone (with a minimum-lot requirement of 5,000 square feet) and measures 7,200 square feet. The respondent purchased the property in 1987 as two separately recorded lots (lot Nos. 26 and 27), but the lots were merged to form one conforming lot pursuant to the zoning ordinance. This respondent also applied to the zoning board for a variance to divide its property into two parcels of 3,600 square feet, one containing an existing single-family dwelling and one to be the site of a new single-family dwelling. The respondent had previously been denied a building permit to build a new house because the parcel did not contain 5,000 square feet of land as required by the ordinance. The respondent attempted to establish that the parcel to be created qualified as a prior recorded lot and was entitled to the status of a legal nonconforming use pursuant to the *Redman* case. The board denied the variance at the hearing on April 27, 1988, since there was no evidence of unnecessary hardship. The respondent appealed its decision to the Superior Court on May 16, 1988.

On August 11, 1989, the Superior Court reversed the decision of the zoning board

and held that the board should have applied the principle enunciated in *Redman* precluding the operation of the merger provision of the zoning ordinance. The court reasoned that since the original lots were recorded in 1919, well before the original ordinance was passed, the lot could be considered as exempt from the minimum-lot requirement.

The petitioner, William Conley, Jr., petitioned us for a writ of certiorari regarding the *Brum* decision on April 14, 1989, and regarding the *Empire Properties* decision on August 31, 1989. The petition for the first case was granted on June 15, 1989, and for the second case on November 9, 1989. The order for consolidation of the two cases was issued on February 9, 1990.

The only issue before us on appeal is whether the trial court erred in holding that the zoning board should have applied the principles enunciated by this court in *Redman v. Zoning and Platting Board of Review of Narragansett*, 491 A.2d 998 (R.I. 1985), to the case at bar, thereby precluding the merger provision of the East Providence zoning ordinance from taking effect.

The zoning provisions relevant to this appeal are sections 19–132 and 19–133(a) of the Zoning Ordinance of the City of East Providence:

"Sec. 19–132. Prior recorded lots.

Except as required in section 19–133, a lot or group of contiguous lots having a lot area, width or depth of lesser amounts than required in section 19–145 for the district in which such lot is located may be considered as coming within the minimum lot requirements of section 19–145, provided that such lot or group of contiguous lots was shown on a recorded plat or on a recorded deed on the effective date of this chapter."

"Sec. 19–133. Contiguous lots under single ownership.

, (a) If two (2) or more contiguous lots having continuous frontage are under single ownership at any time after the effective date of this chapter and one (1) or more of these lots fails to meet the requirements of section 19–145 with regard to minimum lot area or minimum lot width, such lots shall be considered to be an individual parcel of land for the purpose of this chapter. No single lot shall be used in violation of the requirements of section 19–145 with regard to minimum lot area or minimum lot width, except as hereinafter provided."

Pursuant to section 19–133(a) the two sets of contiguous lots in question were merged to form individual lots under single ownership so the parcels would meet the minimum-lot requirements of section 19–145. (This section sets out a schedule of area requirements depending on the zoning district. Both R–4 and R–6 districts require an area-lot measurement of 5,000 square feet.) We have recently noted that the combining of substandard lots, a concept known as merger, is a valid zoning mechanism governed by the provisions of G.L.1956 (1988 Reenactment) chapter 24 of title 45. *McKendall v. Town of Barrington*, 571 A.2d 565, 567 (R.I.1990). This chapter empowers the city of East Providence to create a merger provision in its zoning ordinance for the purpose of promoting the general welfare. *Id.* at 566; § 45–24–1.[1]

■ The merger provision in the instant case has a valid purpose. It will, for example, operate to decrease congestion in the streets and to prevent the overcrowding of land by limiting the number of new dwellings built in the residential districts. *See* § 45–24–3.[2] The merger mechanism is therefore perfectly valid here.

1. General Laws 1956 (1988 Reenactment) § 45–24–1 reads in pertinent part:

"Power of councils—Scope of ordinances.—For the purpose of promoting the public health, safety, morals, or general welfare, the city council of any city * * * shall have the power in accordance with the provisions of this chapter within the limits of the city or town by ordinance to regulate and restrict the height, number of stories and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts and other open spaces, the density of population, the location and use of buildings, structures and land for trade, industry, residence, or other purposes."

2. Section 45–24–3 provides in pertinent part:

In reviewing this case, we do not weigh the evidence but we review the record to determine whether competent evidence exists to support the Superior Court's decision. We shall not reverse that decision unless the Superior Court justice misapplied the law, misconceived or overlooked material evidence, or made findings that were clearly wrong. *R.J.E.P. Associates v. Hellewell,* 560 A.2d 353, 354 (R.I.1989). We conclude that the trial justice misapplied the law to the facts in the instant case.

■ The respondents and the trial court have relied heavily upon our decision in *Redman* in concluding that the zoning board was mistaken in applying the merger provision and denying a variance. The *Redman* situation is not applicable to the instant case. *Redman* involved five lots, the ownership of which the petitioners had split between themselves. Title to lot Nos. 122, 123, and 126 was put in the name of Mrs. Redman, and title to lot Nos. 124 and 125 was put in Mr. Redman's name. The four contiguous lots could be combined in sets of two (each set under different ownership) to meet the zoning requirement. The fifth lot already had a house on it, and the petitioners argued that since it was under different ownership from lot No. 125, it was therefore a legal nonconforming use. We agreed and ruled that the lot had become entitled to a variance because it contained a pre-existing use and had become a separately owned, substandard lot, no longer contiguous to other lots in the same ownership. *Redman,* 491 A.2d at 999–1000. We also held in *Redman* that the vacant contiguous lots should be merged and a building permit for the lots should be granted. *Id.* at 1000. We never held that an undersized lot could be built

on, as respondents would like us to hold here.

The instant situation factually is distinctly different from the one in *Redman* and much simpler. Two contiguous lots were acquired by both petitioners. Under the zoning ordinance these lots are required to merge to conform to the zoning-district requirements. This case does not concern five contiguous lots wherein the fifth was deemed a pre-existing, nonconforming use because it was already developed and did not border any contiguous lots under the same ownership. The lots here are contiguous and under single ownership and should therefore be merged as set out in section 19–133 of the East Providence zoning ordinance.

■ We also reject respondents' argument that the buildable lots qualify as prior recorded lots and are therefore legal nonconforming uses in accordance with section 19–132 of the zoning ordinance. Since the buildable lots are contiguous to the lots already built on, the merger provision governs instead. Section 19–132 provides that a lot shown on a recorded plat or deed on the effective date of the zoning ordinance may be considered as coming within the minimum-lot requirements of the district, except as required in section 19–133, the merger provision. In *R.J.E.P. Associates,* we examined the concept of merger and noted that merger provisions frequently contained exceptions "whereby a lot that is smaller than the minimum zoning requirements will be exempted from the merger rule if it was a lot of record prior to the effective date of the zoning ordinance." 560 A.2d at 356. We explained, however, that if the landowner owns any adjacent lots that, if combined, would satisfy the square-footage requirements, then the landowner is not entitled to the exception

"General purposes of ordinances.—Regulations shall be made in accordance with a comprehensive plan prepared and adopted in accordance with chapter 22 of this title and designed to lessen congestion in the streets; to secure safety from fire, flood, panic, and other dangers; to promote the public health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of popula-

tion; to facilitate the adequate provision of transportation, water, sewerage, schools, parks, and other public requirements. The regulations shall be made with reasonable consideration, among other things, to the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout the town or municipality."

**1336**

and the landowner must merge the lots to form a single parcel. *Id.* Moreover, section 19–132 may govern existing lots of land when the ordinance was passed but does not pertain to the situation wherein a new owner buys two contiguous substandard parcels of land after the zoning ordinance was passed. The new owner is held to be on notice of the applicable zoning provisions and, if so provided for in the ordinance, should expect a merger of substandard parcels of land. We have pointed out in the past that "[t]he question of whether an applicant is entitled to a variance because of hardship flowing from a literal application of the terms of the ordinance is in no way dependent on his knowledge or lack of knowledge of the existence of zoning restrictions affecting the land." *Gardiner v. Zoning Board of Review of Warwick*, 101 R.I. 681, 691, 226 A.2d 698, 704 (1967) (quoting *Denton v. Zoning Board of Review of Warwick*, 86 R.I. 219, 223, 133 A.2d 718, 720 (1957)).

For the reasons stated, we are of the opinion that in a case such as the one at hand in which no evidence of unnecessary hardship exists and two contiguous lots have been purchased under single ownership after the effective date of the zoning ordinance, the merger provision takes precedence over section 19–132, pertaining to prior recorded lots. We are hereby merely focusing on the language in section 19–132, which provides that it only applies "[e]xcept as required in section 19–133." The lots should therefore be merged, and the decision of the zoning board should be affirmed.

For the aforementioned reasons the petitions for certiorari are granted, the judgments of the Superior Court are quashed, and the papers of the cases are remanded to the Superior Court with our decision endorsed thereon.