James C. DiMILLIO

v.

ZONING BOARD OF REVIEW OF THE TOWN OF SOUTH KINGSTOWN.

No. 88–551–M.P.

Supreme Court of Rhode Island.

May 11, 1990.

Thomas S. Hogan, Hogan & Hogan, East Providence, for plaintiff.

Karen R. Ellsworth, Providence, for defendant.

## OPINION

MURRAY, Justice.

This case is before the court on the petition of James C. DiMillio for writ of certiorari. The petitioner asks us to review a Superior Court judgment affirming the South Kingstown Zoning Board of Review's denial of the petitioner's request for a building permit. We now affirm the judgment of the Superior Court.

The facts are briefly as follows. The petitioner owns two lots, numbers 58 and 59, which are located in an R–20 commercial waterfront zone in the town of South Kingstown, Rhode Island. Each lot is approximately 50 feet by 96 feet or a total of 4,800 square feet. Although zoning laws require 20,000 square feet and 100 feet of frontage to build, petitioner currently resides in a dwelling on lot No. 58 which does not meet these requirements. Lot No. 59, which is next door, is vacant.

The petitioner purchased lot Nos. 58 and 59 from Leah Berry (Berry) on December 1, 1980. At that time lot No. 58 had the existing dwelling in which petitioner presently resides, and lot No. 59 was vacant. When petitioner bought the lots, the closing attorney told him that lot No. 59 was

buildable. The petitioner planned to build a retirement home eventually and to use the dwelling on lot No. 58 as a starter home for his children.

Berry testified that she and her husband bought lot No. 58 in January 1957. At the time of the purchase the lot was vacant. They later built the existing dwelling. In 1964 they bought lot No. 59 as an investment. When her husband died, Berry sold both lots to petitioner.

The petitioner applied for a building permit, which was denied in a letter dated November 12, 1986. On December 1, 1986, petitioner appealed to the Zoning Board of Review of the Town of South Kingstown (board) at which time he also sought a variance from the merger provision, section 421, upon which the building inspector had based his decision denying the building permit. A public hearing on the appeal and the variance was held on March 18, 1987. Members of the public who opposed the variance based their opinions on the serious water-drainage problem in the area and their belief that new construction would exacerbate the problem. By written decision dated March 27, 1987, the board denied the request for a variance.

The petitioner appealed to the Superior Court of Washington County seeking review of the decision of the board. Judgment was rendered by the Superior Court on June 28, 1988, upholding the board's decision. The Superior Court also based its decision on the zoning ordinance's merger provision, section 421. The petitioner then filed a petition for writ of certiorari to this court and the writ was issued December 22, 1988.

■ The merger provision, section 421, was amended in May 1980, before petitioner purchased the lots. It provides the following:

"Section 421—Adjacent Non–Conforming Lots of Record Under the Same Ownership (Amended 5–28–80)

If two or more adjacent lots or parcels of land are under the same ownership on the effective date of this Ordinance, such lots shall be considered to be an undivid-

ed parcel of land for the purpose of this Ordinance, and no single lot or portion thereof shall be used in violation of the requirements of Section 230 as to lot width and area. If the total lot width or lot area of such adjacent lots of record is less than required by Section 230, such lots may be considered as a single non-conforming lot of record for single family residential purposes and shall be governed by the provisions of Section 420. Nothing in this Section shall be construed as exempting such adjacent nonconforming lots of record from complying with the maximum percentage of lot coverage of principal and accessory buildings, maximum building height and accessory building setback requirements, as contained in Section 230 for the Zoning District in which such lot is located and from the building setback provisions of Section 422. Any lots meeting those requirements shall be considered as a conforming lot of record for single family residential purposes."

The petitioner asserts that section 420, rather than section 421, controls the instant case. Section 420 reads as follows:

"A lot or parcel of land having a lot width or lot area which is less than required by Section 230 may be considered buildable for single family residential purposes regardless of the lot width or lot area, provided such lot or parcel of land was shown on a plat or on a deed duly recorded prior to the effective date of this Ordinance, and further provided that at the time of such recording the lot or parcel of land so created conformed in all respects to the minimum requirements of the Zoning Ordinance in effect at that time, and that *said lot or parcel of land did not adjoin other land of the same owner on the effective date of this Ordinance (March 29, 1976)* or at any time after such lot or parcel of land was rendered substandard by the provisions of any prior Zoning Ordinance." (Emphasis added.)

In light of the fact that section 420 only allows a single nonconforming use when the two lots in question are not adjoining and are not owned by the same person, we

fail to see how section 420 furthers petitioner's argument. The petitioner purchased the two adjoining lots after the effective date of the ordinance. The petitioner's land, therefore, does not qualify as a single nonconforming use under the ordinance.

■ In deciding this case, we rely on this court's opinion in the consolidated case of *Brum v. Conley*, 572 A.2d 1332 (R.I.1990). In that case, involving similar factual situations, the Superior Court had reversed the board's decision, holding that the principle enunciated in *Redman v. Zoning and Platting Board of Review of Narragansett*, 491 A.2d 998 (R.I.1985), should have been applied thereby precluding the merger provision of the East Providence zoning ordinance from taking effect. This court then reversed, finding that the Superior Court justice misapplied the law because *Redman* was a factually different case. We held that when no evidence of unnecessary hardship exists and two contiguous lots have been purchased under single ownership after the effective date of the zoning ordinance, the merger provision applies. *Brum*, 572 A.2d at 1335.

The petitioner asks us to consider this case in light of *Redman*. *Redman*, however, can be easily distinguished from the instant case. In *Redman* the owners did not acquire the lots after they had merged as petitioner did here. After the owners in *Redman* purchased five lots, a subsequent zoning amendment required that the lots merge so as to make the built-upon lot a larger conforming lot. This court held that the developed lot was a lawful nonconforming use that could stand alone notwithstanding the merger clause. *Redman*, 491 A.2d at 1000. In this case, however, the applicable zoning law and the merger provision, section 421, were in effect when petitioner purchased lot Nos. 58 and 59 on December 1, 1980.

■ Moreover, we do not believe that petitioner has been deprived of all use of the vacant lot. Hence the ordinance does not, in effect, constitute a taking. The allegation that the land could be put to a

more profitable use does not alone satisfy the requirement of unnecessary hardship. *Rhode Island Hospital Trust National Bank v. East Providence Zoning Board of Review,* 444 A.2d 862, 864 (R.I.1982) (citing *Rozes v. Smith,* 120 R.I. 515, 388 A.2d 816 (1978)). The unimproved portion of petitioner's lot adds value to the lot with the existing dwelling, and the vacant lot remains available to enlarge the existing home. *Skelley v. Zoning Board of Review of South Kingstown,* 569 A.2d 1054 (R.I. 1990). "[A] property owner does not have a vested property right in maximizing the value of his property." *Annicelli v. Town of South Kingstown,* 463 A.2d 133, 140 (R.I.1983).

We therefore refuse to reverse established law, especially after we have affirmed these principles as recently as April 13, 1990, in the *Brum* case. We do not believe that the trial justice misapplied the law. *E.g., R.J.E.P. Associates v. Hellewell,* 560 A.2d 353, 354 (R.I.1989).

The petitioner's petition for certiorari is therefore denied. The writ previously issued is quashed, and the judgment of the Superior Court is hereby affirmed.