[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is an appeal by Vincenza R. Manfredi (hereinafter "Appellant") who seeks reversal of an April 25, 1991, decision by the Town of Johnston Zoning Board of Review (hereinafter "the Board") which denied her application for a variance. Jurisdiction in this Superior Court is proper pursuant to R.I.G.L. 1956 (1988 Reenactment) § 45-24-20.
Statement of Facts
The pertinent facts of the instant appeal are as follows. Appellant is the owner of the subject lots in question which are designated as lots number ninety (90) and one hundred seventeen (117) of Johnston Tax Assessor's Plat forty-nine (49). Said lots are located at five (5) and seven (7) Camille Drive, Johnston, Rhode Island, respectively. Appellant purchased lot 90 on or near August 20, 1976. At the time of the purchase, said lot consisted of a single-family home. Appellant thereafter purchased lot 117 on or near November 8, 1985. Said lot was, and remains, vacant.
Pursuant to Article IX of the Johnston Zoning Ordinances, an area upon which a land owner seeks to build a single-family dwelling must contain a minimum of forty thousand (40,000) square feet. Lot 117 measures eight thousand (8,000) square feet. Intending to construct a single-family home thereon, appellant filed an application on March 29, 1991, seeking a variance from the area requirements.
A scheduled hearing was held on April 25, 1991. Appellant appeared and testified that she was the owner of lot 117 as well as lot 90. It is uncontradicted that the subject lots are contiguous. Appellant further testified that she intended to construct a single-family dwelling on lot 117.
The Board also heard testimony from John McGair, counsel for objectors to the granting of the variance. The gist of Mr. McGair's testimony was that appellant was not entitled to a variance due to the fact that the contemporaneous ownership of the two (2) contiguous lots caused the lots to merge as a matter of law. Counsel thereafter cited Article X section 2 of the Johnston Zoning Ordinances as controlling. Said section provides for the merger of two (2) otherwise nonconforming lots upon contemporaneous ownership.
After having heard testimony and duly considering the arguments put forth the Board unanimously voted to deny appellant's application for a variance. In a written decision dated April 15, 1991, the Board held that the granting of the variance would not substantially serve the public convenience and welfare nor be in harmony with the general purposes and intent of the ordinance. Further, the Board held that the granting of the variance would create conditions which would be inimical to the public health, safety, morals and general welfare of the community.
Appellant thereafter filed the instant appeal averring that the Board's decision to deny the variance constituted error. Alleging that the purchase of lot 117 did not cause a merger as a matter of law, appellant seeks reversal of the Board's decision.
Analysis
In reviewing a zoning board decision this Court is constrained by R.I.G.L. 1956 (1988 Reenactment) § 45-24-20(d), which provides in pertinent part as follows:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the Board's decision was supported by substantial evidence in the whole record." Apostolou v. Genovesi, 120 R.I. 501, 505,388 A.2d 821, 825 (1978). Our Supreme Court has defined "substantial evidence" as "more than a scintilla but less than a preponderance." Id. Additionally, the term encompasses "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.
In seeking a variance an applicant's threshhold burden is to demonstrate to the Board that denial thereof would "deny him of all beneficial use of his property and will therefore be confiscatory." Gaglione v. DiMuro, 478 A.2d 573, 576 (R.I. 1984) (citing Goodman v. Zoning Board of Review of Cranston,105 R.I. 680, 683, 254 A.2d 743, 745 (1969). Moreover, pursuant to R.I.G.L. 1956 (1991 Reenactment) § 45-24-19(c), a zoning board may grant such a variance where literal enforcement of the provisions of the ordinance will result in unnecessary hardship. Such a result exists only when all beneficial use has been lost and the granting of a variance becomes necessary to avoid an indirect confiscation. Rhode Island Hospital Trust National Bankv. East Providence Zoning Board of Review, 444 A.2d 862, 864 (R.I. 1982); Rozes v. Smith, 120 R.I. 515, 520, 388 A.2d 816, 819 (1978).
The Board herein contends that Article X Section 2 of the Johnston Zoning Ordinances is controlling. As such, the Board asserts that upon purchasing lot 117 appellant's contemporaneous ownership of lot 90 caused the contiguous lots to merge as a matter of law thereby precluding appellant to the relief sought.
The concept of merging contiguous nonconforming lots in common ownership as a means of combining the lots in order to create a single conforming lot is becoming increasingly prevalent. See, Skelley v. Zoning Board of Review of the Townof South Kingstown, 569 A.2d 1054, 1056 (1990); See, also, 2 Anderson, American Law of Zoning § 9.67 at 307 (3d ed. 1986). It is not uncommon for local zoning ordinances to provide for certain exceptions to the merger provision. Thus, a court which is reviewing a zoning board decision involving the issue of merger must resolve the controversy by carefully analyzing the particular ordinance in question and then applying the relevant facts of the dispute. Skelley, 569 A.2d at 1057.
The merger provision of Article X Section 2 is herein controlling. Said section unambiguously provides that where two (2) substandard lots are under common ownership at the time the ordinance became effective the lots will be merged as a matter of law. Restated, section 2 prohibits an owner of a merged substandard lot from building thereon unless a variance is obtained. Said ordinance became effective on August 1, 1979. Thus, immediately upon purchasing lot 117 on or near November 8, 1985, appellant caused the contiguous lots to merge.
Article X does provide for two exceptions — neither of which are applicable to the issues at bar. First, Section 2 allows a land owner to construct a one-family dwelling in certain residential districts notwithstanding that the lot fails to meet the necessary minimum area requirements. However, a prerequisite to entitlement of this exception is that no adjacent lot be in the same ownership at the time said section became effective. In that appellant presently owns lot 90, which is adjacent to lot 117, she is not entitled to said exception.
The second exception exists wherein a substandard lot or parcel of land is a duly recorded plat or is on a recorded deed on the effective date of the ordinance. Where such a lot exists a land owner is exempted from certain area requirements.
Appellant contends that lot 117 qualifies as a prior recorded lot and is therefore not subject to the merger provisions of section 2. However, this contention is without merit. Prior to appellant's purchase lot 117 did in fact exist as a prior recorded lot thereby entitling its owner to the section 1 exception. Immediately upon appellant's purchase, however, lot 117, as a contiguous lot under contemporaneous ownership, became subject to the merger provision of section 2. Consequently, the merger provision of section 2 governs. Brum v. Conley,572 A.2d 1332, 1335 (R.I. 1990).
Appellant next avers that Article VIII sections 1 and 2 of the Johnston Zoning Ordinances are applicable. Said sections provide that any use of land or structure which was in lawful operation at the time of adoption of said ordinances shall be deemed legal nonconforming uses and be allowed to continue. Appellant therefore correctly asserts that lot 90 qualified as a legal nonconforming use in that the existing structure thereon was in existence prior to the adoption of the present ordinance. However, appellant incorrectly asserts that as a legal nonconforming use lot 90 is not subject to merger.
In support of her contention appellant relies upon our Supreme Court's holding in Redman v. Zoning and Platting Boardof Review of Narragansett, 491 A.2d 998 (R.I. 1985). However, a careful analysis of Redman discloses the deficiencies in appellant's argument.
In Redman, the plaintiffs — Irene and Charles Redman — purchased five (5) contiguous lots. Thereafter, the plaintiffs caused title to said lots to be split. Title to lots 122, 123, and 126 were placed in the name of Irene Redman, while title to lots 124 and 125 were placed in the name of Charles Redman. The Court held that lot 126, which had an existing dwelling thereon, qualified as a legal nonconforming use and therefore was not subject to the merger provision. Id. at 1000. However, essential to the Court's holding was that lot 126 was no longer contiguous to any other lot under the same ownership. Id.
In the present case, lots 90 and 117 are under the common ownership of appellant, a fact which clearly distinguishes the present situation from that in Redman. As such, Redman is herein inapplicable. Moreover, the Court in Brum specifically posited that the holding in Redman did not stand for the proposition that an undersize lot could be built on. Brum, 572 A.2d at 1335. Appellant's contention that as a legal nonconforming use lot 90 cannot be merged is therefore erroneous.
After review of the entire record, this Court finds that the Board's decision denying appellant a variance is supported by reliable, probative, and substantial evidence. Accordingly, for the reasons herein above set out the April 25, 1991, decision of the Zoning Board of Review for the Town of Johnston is hereby affirmed.
Counsel shall enter judgment in accordance with the above decision.