[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Zoning Board of Review for the City of East Providence.
The various plaintiffs are all residents and property owners from within the immediate area of land designated as 50 Vineland Avenue in East Providence and which is owned by James H. MacIntyre and Lillian B. MacIntyre. The various plaintiffs will hereinafter be collectively referred to as the plaintiffs and the various named defendant members of the Zoning Board will be collectively referred to as the Board. The defendants James H. and Lillian B. MacIntyre will be referred to as the MacIntyres.
Jurisdiction in this Superior Court is pursuant to §45-24-20 R.I.G.L.
I
SCOPE OF APPELLATE REVIEW OF ZONING BOARD DECISIONS Section 45-24-20, R.I.G.L. 1956, as amended, sets out with particular clarity the scope of review authorized in this Superior Court from appeals of decisions of local zoning boards.Section 45-24-20 reads in pertinent part as follows:
 "The Superior Court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In performing its judicial duties as prescribed in § 45-24-20,
this Superior Court cannot substitute its judgment for that of the zoning board. However, this Court must examine the full record to determine whether the findings made by the zoning board were supported by substantial evidence. O.K. Properties v.Zoning Board of Warwick, 601 R.I. 953, 955 (1992); Salve ReginaCollege v. Zoning Board of Newport, 594 A.2d 878, 880 (1991);Apostolou, et al v. Genovesi, et al, 120 R.I. 501, 507 (1978).
Substantial evidence has been defined as being more than a scintilla, but less than a preponderance, and being relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Apostolou v. Genovesi, 120 R.I. 501, 508 (1978).
II
CASE TRAVEL AND CERTIFIED RECORD OF HEARING
On March 25, 1968, James MacIntyre purchased four contiguous lots of land on Vineland Avenue in East Providence. Those lots were designated as lots 594 through 597 on Assessor's Plat 19. Thereafter on March 23, 1970 he acquired by assignment of tax title from the City Treasurer, lot 593 on Plat 19. That acquisition resulted in his single ownership of five contiguous lots, 593 through 597. Those lots, each measuring thirty (30) by eighty (80) feet had all been originally platted out in 1906 (Wilbur Terrace — Plat Card 250) long before the City of East Providence adopted its first zoning ordinance in 1926. HealthHavens v. Zoning Board of East Providence, 101 R.I. 258, 264 (1966).
On September 30, 1981 James MacIntyre conveyed those five lots to himself and Lillian B. MacIntyre as joint tenants. As such, on that day, James and Lillian MacIntyre became sole common owners of five contiguous lots of land fronting on Vineland Avenue in East Providence. Those five lots were later grouped together for tax assessing purposes as Parcel 10 on Block 21 as shown on the East Providence Tax Assessor's map number 404. That Parcel 10 is also located in what is designated as an R-4 Residential Zone District, as defined in the East Providence Zoning Ordinance. In that district, a minimum lot area of 5,000 square feet, with 50 foot street frontage is required in order to build a single-family dwelling, and a minimum lot area of 7,500 square feet is required for construction of a two-family dwelling.
Sometime in 1981, the MacIntyres, utilizing the 12,000 square feet feature in their Parcel 10 on Block 21 lot, applied for permission to construct a two-family dwelling on that lot. That permission was granted and the two-family structure was built.
Some ten years later in August 1991, the MacIntyres decided that they would like to also build a single-family dwelling on their Parcel 10 lot. Because that lot already accommodated their two-family dwelling, they filed a petition with the Zoning Board in which they requested permission from the Zoning Board to subdivide their 12,000 square foot Parcel 10 lot into two lots. One of those lots would be "Parcel A" and contain 7,200 square feet and the other would be "Parcel B" and contain 4,800 square feet. That subdivision, if permitted, would of course transform "Parcel A" upon which is located the existing two-family dwelling from a legal conforming lot into an undersized lot and would also make "Parcel B" and undersized lot. Realizing their most unusual request for subdivision created problems for them, the MacIntyres at the Public Hearing held on their petition seized upon another most unusual ploy. They requested permission from the Zoning Board to amend their original subdivision petition so as to have the Zoning Board consider relocating the original recorded plat lot lines so as to cut into one of the previously recorded lots and borrow from that lot 200 square feet. By so doing their proposed "Parcel A" would become further undersized but their proposed "Parcel B" would gain 200 square feet and now contain the required 5,000 square foot minimum required to build a single-family dwelling in an R-4 zone.
It appears from the hearing transcript as well as from the unusual course taken by the MacIntyres before the Zoning Board that they assume that their originally as platted five (5) 30 x 80 foot lots remain as individual legal nonconforming lots, and as such, three (3) could be used to make up their intended "Parcel A" (7,200 square feet), and two (2) would make up their intended "Parcel B" (4,800 square feet). That assumption would be valid if those five lots were unaffected by the express lot merger provisions contained in the East Providence Zoning Ordinance. Sections 19-132 and 19-133. However, even then, the Zoning Board could not act affirmatively on their subdivision request with regard to their Parcel 10 lot.
Taking up first the merger of lots provision in the East Providence Zoning Ordinance. Section 19-133(a) of that Ordinance provides specifically as follows:
 "Sec. 19-133. Contiguous lots under single ownership.
 (a) If two (2) or more contiguous lots having continuous frontage are under single ownership, at any time after the effective date of this chapter and one (1) or more of these lots fails to meet the requirements of section 19-145 with regard to minimum lot area or minimum lot width, such lots shall be considered to be an individual parcel of land for the purpose of this chapter. No single lot shall be used in violation of the requirements of section 19-145 with regard to minimum lot area or minimum lot width, except as hereinafter provided."
In response to a remand Order by this Court to the East Providence Zoning Board, that Board, by written stipulation of counsel, furnished a record title background for the five lots in question. That record of title clearly discloses that since March 23, 1970 all five contiguous lots; all having continuous frontage on Vineland Avenue were under single ownership in James H. MacIntyre. That since September 30, 1981 those same five contiguous lots having continuous frontage on Vineland Avenue were under the single ownership of James H. MacIntyre and Lillian B. MacIntyre. Those five lots all merged pursuant to the provisions of Section 19-133(a) in the East Providence Zoning Ordinance. Brum v. Conley, 572 A.2d 1332, 1335 (1990). The Zoning Board in its legal memoranda takes the position that because the recording of the original plat containing the five (5) lots in question pre-dated the merger provision in the East Providence Zoning Ordinance, that the merger provision is not applicable to the lots in question, citing Redman v. Zoning Platting Board of Narragansett, 491 A.2d 998 (1985). The Zoning Ordinance provision in Redman is entirely different than the ordinance provision in this case. Redman, supra, p. 1000. In this case, the East Providence Zoning Ordinance, as it pertains to the merger of the MacIntyre lots is in no way predicated upon whether the contiguous lots were acquired in single ownershipbefore the adoption of the zoning merger provision. Instead, the specific language in the merger provision provides that if two or more contiguous lots having continuous frontage come under single ownership at any time after the effective date of the ordinance, merger of contiguous lots necessary to meet the minimum zone district lot area requirement will take place. See, e.g. McKendall v. Town of Barrington, 571 A.2d 565, 566 (1990);R.J.E.P. Associates v. Hellewell, 560 A.2d 353, 356 (1989).
It would appear from the preceding, and from the record certified here by the Zoning Board that when the MacIntyres built their two-family home on the lots in question, those undersized and nonconforming lots merged, of necessity, so as to permit the MacIntyres to meet the required minimum square foot lot requirements for a two-family dwelling in an R-4 zone. That merger resulted in the redesignation of their five lots into what became known as Parcel 10, Block 21 on May 404 which the MacIntyres themselves, in their application to the Zoning Board describe as being 150 feet by 80 feet deep and containing 12,000 square feet. That is the same 12,000 square foot lot that they requested the Zoning Board to divide into two lots, "Parcel A" and "Parcel B".
In that regard, the MacIntyre lots having merged, the Zoning Board of Review had no authority to subdivide Parcel 10, being the 12,000 square foot lot. In Noonan v. Zoning Board ofBarrington, 90 R.I. 466 (1960) our Supreme Court clearly stated:
 "In our opinion a board of review is without authority to divide or to regulate the subdivision of land. The authority of such boards is limited by the provisions of general laws 1956, § 45-24-19. We are of the opinion that this section neither confers such authority upon boards of review nor authorizes local legislatures to confer such authority upon them." Noonan v. Zoning Board, supra at 470.
In addition, the action taken by the Zoning Board in this case, whereby it actually subdivided a parcel of land and sanctioned the creation of a substandard lot upon which is presently located the MacIntyre's two-family house is contrary to the specific admonition against such action given by our Supreme Court in Rozes v. Smith, 120 R.I. 515, 521 (1978). There, our Supreme Court states in pertinent part that:
 "Even in those situations where relief from minimum lot size restrictions is considered as an area deviation rather than a true variance, there is general agreement that . . . an area variance may not be granted to solve the problem of an applicant who subdivided his land . . . retaining a substandard lot, or who wishes to subdivide a lot to create both a standard and substandard lot."
In this case, a reading of the record certified here by the Zoning Board discloses that the Board misconceived the nature and purpose of the application for relief before it; misconceived the law and the East Providence Zoning Ordinance as it pertains to the merger of nonconforming lots and acted in excess of its jurisdiction. This Court finds in that certified record no substantial evidence upon which the Zoning Board could have legally granted the requested relief to subdivide the applicant's lot; change lot lines or grant relief in the nature of a variance. The Zoning Board's decision is in excess of the authority granted to it by statute, and is affected by error of law.
Accordingly, the plaintiffs' appeal is granted and the Zoning Board's decision is reversed.
Counsel shall prepare and submit an appropriate judgment for entry.