[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Zoning Board of Review of the Town of Warren. Jurisdiction in this Court is pursuant to G.L. 1956 (1991 Reenactment) § 45-24-20.
FACTS/TRAVEL
The plaintiff, Leonard Brophy ("plaintiff"), is the owner of property in the Town of Warren designated as Lot 10 on Tax Assessor's Plat No. 17. The defendants are members of the Zoning Board of Review of the Town of Warren ("Board"). The subject property is 9,675 square feet and is located in an R-40 zone which is residential and requires 40,000 square feet to be buildable.
Plaintiff purchased the subject property from his son on April 25, 1988. Prior to the sale, plaintiff's son owned the subject property and two contiguous lots, lot 11 and lot 12. Plaintiff's son maintained a single family home on the two lots he retained. The three lots contained a total of 19,600 square feet and were platted prior to the enactment of the Warren Zoning Ordinance.
In October 1988 the building inspector denied plaintiff's request for a permit to build on Lot 10. On March 14, 1989, the plaintiff filed an Application for Exception or Variance with the Board. In his application, plaintiff requests relief from Article X, § 32-56 of the Zoning Ordinance of the Town of Warren. Plaintiff's application was heard before the Board at an advertised hearing on May 17, 1988. Testimony was heard from the plaintiff and John Jannitto, the building inspector. The plaintiff was not represented by counsel at the hearing. On June 5, 1989 the Board issued a written decision denying plaintiff's application. On June 13, 1989 the plaintiff filed a timely complaint in this Court appealing the decision of the Board.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-20(d) which provides:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
It is well-settled that on review the Superior Court may not substitute its judgment for that of the zoning board if it can conscientiously find that the Board's decision was supported by substantial evidence in the whole record. Apostolou v.Genovesi, 120 R.I. 501, 506, 388 A.2d 821, 824 (1978). Substantial evidence is that which is more than a scintilla but less than a preponderance. Id. at 508, 388 A.2d at 825. It is such relevant evidence as a reasonable person would recognize as adequate to support a conclusion. Id.
The Record before the Court
On appeal, the plaintiff contends that the decision of the Board is not supported by substantial evidence as plaintiff argues that he has met his burden of proving that the denial of the variance will result in more than a mere inconvenience to him. Specifically, plaintiff contends that the lots did not merge under the ordinance. Alternatively, plaintiff argues that § 32-56 of the Zoning Ordinance of the Town of Warren is invalid and therefore may not be a basis for the Board's denial.
Initially, this Court must note that the record on appeal is incomplete. The Board has not met its obligations under G.L. 1956 (1991 Reenactment) § 45-24-20(a). The Court has repeatedly held that zoning boards should make express findings of fact and point out specific evidence upon which they based their findings. SeeHoof v. Board of Review of the City of Newport, 120 R.I. 275, 288, 230 A.2d 420, 428 (1967). Zoning boards that fail to comply with such obligations run the risk of reversal if the court is unable to find sufficient grounds for the decision. Id. at 289, 230 A.2d at 428. Generally, this Court will not search the record to find supporting evidence for the Board's decision. IrishPartnership v. Rommel, 518 A.2d 356, 359 (R.I. 1986).
In this case, though, the Court has been able to ascertain from the incomplete record, the reasons for the Board's decision.See Richards v. Zoning Board of Review of the City ofProvidence, 100 R.I. 212, 220, 213 A.2d 814, 818 (1965). This Court is aided by the stenographic transcript of the May 17, 1989 hearing. To remand the case to the Board at this point in the proceeding would do little to elucidate the issues and would subject the parties to even greater delay. Roger WilliamsCollege v. Gallison, 572 A.2d 61, 63 (R.I. 1990).
Lot Merger
Plaintiff contends that the three lots do not merge. TheZoning Ordinance for the Town of Warren was adopted on May 9, 1971. On May 27, 1987 the Ordinance was amended and § 32-56 was added. Section 32-56 provides
 32-56. Use of Substandard Lots.
 Where no adjacent land is in the same ownership so as to enable the formation of a larger lot which is less substandard or a lot of the required area and dimensions, a lot smaller than the minimum area and dimensions required in this ordinance, which was a lot of record at the time of adoption of this ordinance on March 9, 1971, is permitted only by special exception for a single family dwelling in any residence district. Where adjacent land is in the same ownership, such lot shall be combined with adjacent land to form a lot of the required dimensions and area or to decrease the degree of non-conformity where the required area and dimensions cannot be achieved. Substandard lots of Record shall have two side yards each having a width of not less than ten percent of the frontage of the lot, or six feet, whichever is greater; provided that any side yards abutting on a street shall have a width of not less than thirty feet.
The above ordinance provides for the merger of substandard lots and is commonly referred to as a merger ordinance. See G.L. 1956 (1991 Reenactment) § 45-24-38.
Merger generally requires the combination of two or more contiguous lots of substandard size that are held in common ownership in order to meet the minimum square-footage requirements of a particular zoned district. R.J.E.P.Associations v. Hellewell, 560 A.2d 353, 355 (R.I. 1989). Substandard contiguous lots cannot be developed as individual nonconforming lots absent compliance with the local zoning ordinance. Id.
This Court is satisfied that under the plain and unambiguous language of Article X, § 32-56, the subject lots merged on May 27, 1987. The record indicates that the adjacent lots were in the same ownership on the date of the amendment and thus were merged in accordance with the ordinance to decrease the degree of nonconformity with dimensional requirements. Plaintiff's reliance on Redman v. Zoning and Platting Board of Review of the Town ofNarragansett is misplaced. 491 A.2d 998 (R.I. 1985). While merger does not negate the law of nonconforming uses, the Warren Ordinance specifically maintains that where adjacent land is held in common ownership it shall be combined to decrease the nonconformity. The Warren Ordinance differs from the Narragansett Ordinance applied in Redman which made no reference to the law of nonconforming uses.
Further, the Board did not err in finding that the lot was sold in violation of § 32-57 which prohibits the further reduction of a nonconforming lot. Plaintiff's son held three lots which combined did not meet the requirements of an R-40 district. His sale of lot 10 after the effective date of the merger provision further reduced the already nonconforming lot. (Tr. at 16) Under such circumstances, the purchaser of the lot does not acquire a buildable nonconforming lot. See R.J.E.P.Associates, 560 A.2d at 355.
Plaintiff's assertion that he needs only a deviation from dimensional requirements is also without merit. Plaintiff's relief must be in the form of a true variance since he is seeking a variance from the terms of § 32-56, not from dimensional provisions. This is evident from his application which requests relief from "Art. 10 (Substandard Lots) Par. 32-56." (Application No. 89-11). Consequently, the burden is on the plaintiff to demonstrate that the literal application of the terms of the merger ordinance will deprive him of all beneficial use of his property. Gaglione v. DiMuro, 478 A.2d 573, 576 (R.I. 1984). A review of the entire record certified to this Court indicates that the Board had before it substantial legal evidence upon which to base its decision that plaintiff failed to establish a deprivation of all beneficial use of his property.
Finally, plaintiff contends that § 32-56 is not in conformity with G.L. 1956 (1991 Reenactment) § 45-24-38 and therefore may not provide a basis for the Board's decision. Section 45-24-38
provides the town with statutory authority to merge contiguous lots in accordance with specified standards. Generally, zoning ordinances are presumed valid. Skelly v. Zoning Board of Reviewof Town of South Kingstown, 569 A.2d 1054, 1058 (R.I. 1990). It is the burden of the challenging party to prove that the amendment is invalid. Id. Section 32-56 applies to residential districts and provides standards for its application. This Court finds that § 32-56 is reasonably related to the public health, safety, and welfare, is clear in its application and that plaintiff has failed to prove that the ordinance is invalid. Accordingly, plaintiff's argument that § 32-56 is invalid is without merit.
For the foregoing reasons, this Court finds, after a review of the whole record, that the decision of the Board was based on the substantial evidence before it. The Court further finds that the Board's decision is not clearly erroneous in view of the reliable, probative, substantial evidence contained in the record, is not arbitrary or capricious, and is not characterized by any abuse of the Board's discretion. Accordingly, the decision of the Board must be and is affirmed.
Counsel shall prepare and submit an appropriate judgment for entry.