DECISION
This is an appeal from a decision of the Zoning Board of Review for the Town of North Smithfield. The plaintiff seeks reversal of the Board's decision dated October 19, 1993. In its decision, the Board denied the plaintiff's application for a variance from the town's zoning ordinance regarding the merger of nonconforming contiguous lots under common ownership to enable the landowner to build a single-family dwelling on a substandard lot. Jurisdiction in this Court is pursuant to G.L. 1956 (1991 Reenactment) § 45-24-20.[1]
Facts/Travel
On July 25, 1966, Steven Kraftcheck (the plaintiff) and his wife at that time, Lois, purchased an unimproved parcel of land located on Edward Avenue in North Smithfield, specifically referred to as Lot 381 on Assessor's Plat 1. (See Exhibit P-3 and 9/22/93 Record at 5.) The parcel is also referred to as Lot 10 on the Park View Estates subdivision, which was approved by the North Smithfield Planning Board and filed with the Registry of Deeds in North Smithfield in 1964. (See Exhibit P-6 and 9/22/93 Record at 11.) The Kraftchecks built a house on this lot in 1966. (See 9/22/93 Record at 5.)
On March 1, 1971, the plaintiff and his wife purchased a vacant lot adjacent to their house lot, specifically referred to as Lot 405 on Tax Assessor's Plat 1. (See Exhibit P-2 and 9/22/93 Record at 3-4.) This too was an unimproved lot, consisting of 24,000 square feet and 120 feet frontage, platted on the same Park View Estates subdivision. (See Exhibit P-6.) At the time, the plaintiff and his wife purchased Lot 405 in 1971, it was a buildable lot that conformed with the North Smithfield Zoning Ordinances. (9/22/93 Record at 4.)
In 1973, the Town of North Smithfield enacted its present zoning ordinance. Under the current ordinance, Lot 405 is located in an RS-40 zone, which requires lots to have a minimum of 40,000 square feet of area and 150 feet frontage in order to construct a single family dwelling thereon. See § 5.5 District Dimensional Regulations of the North Smithfield Zoning Ordinance. The ordinance also contains a merger provision which provides:
 "If two or more lots or a combination of lots and portions of lots with continuous frontage and single ownership are of record at the time of passage or amendment of this Ordinance, and if all or part of the lots do not meet the requirements established for lot and width area, the lands involved shall be considered to be an undivided parcel for the purpose of this Ordinance, and no portion of said parcels shall be used or sold in any manner, which diminishes compliance with lot width and area requirements established by this Ordinance, nor shall any division of any parcel be made, which creates a lot with width or area below requirements as stated in this Ordinance." § 4.2 Merger Provision of the North Smithfield Zoning Ordinance.
In 1991 the plaintiff and his wife divorced. (9/22/93 Record at 9.) In accordance with the divorce decree the plaintiff's wife received title to Lot 381. (See Exhibit P-4.) The plaintiff received title to Lot 405, with the condition that if the lot was not a buildable lot it would be deeded back to the former Mrs. Kraftcheck. (Id.) The parties also filed a deed wherein Lois Kraftcheck purported to convey lot 405 to the plaintiff. (See
Exhibit P-5.)
The Kraftchecks received a letter dated August 27, 1991 from Robert Benoit, the building inspector for the Town of North Smithfield, indicating that the deed recorded constituted a zoning violation of § 4.2 of the North Smithfield Zoning Ordinance. (See Exhibit P-7.)
On March 18, 1993, the plaintiff applied to the Building Inspector of North Smithfield for a building permit for Lot 405. On March 19, 1993, the building inspector wrote a letter denying the request. (See Letter from R.E. Benoit dated March 19, 1993.) The building inspector explained that Lot 405 and the adjoining lot, specifically Lot 381, Plat 1, had been merged pursuant to the provisions of § 4.2 of the North Smithfield Zoning Ordinance. (Id.)
The plaintiff then applied to the North Smithfield Zoning Board of Review for a variance from the terms of § 4.1, 4.2 and 5.5.1 of the North Smithfield Zoning Ordinance for Lot 405. The matter was heard by the Zoning Board of Review on September 22, 1993, after proper notice and advertisement. The matter was then continued for further hearing to October 19, 1993.
On October 19, 1993, the Zoning Board issued a decision denying the plaintiff's request for a variance. The instant, timely appeal followed. This Court notes that pursuant to Rule 24 of the Rhode Island Rules of Civil Procedure Scott Keefer, Lucien Lavoie, and Richard Lefebvre are intervenors in this matter as defendants.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-20 (d), which provides:
 "45-24-20. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co. Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d at 824-25). On review, the Supreme Court examines the record to determine whether "competent evidence" supports the Superior Court judge's decision. R.J.E.P. Associates v. Hellewell, 560 A.2d 353, 354 (R.I. 1989).
The Applicability of the Merger Doctrine
The doctrine of merger generally entails the combination of two or more contiguous lots of substandard size that are held in common ownership in order to meet the minimum-square-footage requirements of a particular zoned district. R.J.E.P. Associatesv. Hellewell, 560 A.2d 353 Ct. 355 (R.I. 1988) (citing toDedering v. Johnson, 307 Minn. 313, 239 N.W.2d 913 (1976)). Substandard contiguous lots cannot be developed as individual nonconforming lots unless the landowner applies for a variance or an exception. Id. In order for a variance to issue, a landowner must show by probative evidence that a literal application of the zoning ordinance would cause a deprivation of all beneficial use of the property. Id.
This Court is satisfied that under the plain and unambiguous language of § 4.2 of the North Smithfield Zoning Ordinance, the subject lots merged on September 1, 1973. The record indicates that the adjacent lots were in the same ownership on the date of the enactment and thus were merged in accordance with the ordinance. The plaintiff's reliance on Redman v. Zoning andPlatting Board of Review of the Town of Narragansett is misplaced. Id. at 491 A.2d 998 (R.I. 1985). The North Smithfield ordinance differs from the Narragansett Ordinance applied inRedman, the latter which recognized variance relief to divide two merged parcels. However, the North Smithfield Ordinance specifically provides that once contiguous parcels have merged pursuant to the ordinance,
 ". . . the lands involved shall be considered to be an undivided parcel for the purpose of this Ordinance, and no portion of said parcels shall be used or sold in any manner, which diminishes compliance with lot width and area requirements established by this Ordinance, nor shall any division of any parcel be made, which creates a lot with width or area below requirements as stated in this Ordinance." § 4.2 Merger Provision of the North Smithfield Zoning Ordinance.
The Record Before the Court
The plaintiff also contends that the Board erred in not granting a variance from the applicable provisions of the merger ordinance. This Court notes that the record on appeal is incomplete. The Board has not met its obligation under G.L. 1955 (1991 Reenactment) § 42-24-20 (a). The Court has repeatedly held that zoning boards should make express findings of fact and point out specific evidence upon which they based their findings. See Hopf v. Board of Review of the City ofNewport, 120 R.I. 275, 288, 230 A.2d 420, 428 (1967). Zoning boards that fail to comply with such obligations run the risk of reversal if the court is unable to find sufficient grounds for the decision. Id. at 289. Generally, this Court will not search the record to find supporting evidence for the Board's decision.Irish Partnership v. Rommel, 518 A.2d 356, 359 (R.I. 1986).
In this case, though, the Court is able to ascertain from the record the reasons for the Board's decision. See Richards v.Zoning Board of Review of the City of Providence, 100 R.I. 212, 220, 213 A.2d 814, 818 (1965). This Court is aided by the stenographic transcript of the September 22, 1993 hearing. To remand the case to the Board at this point in the proceeding would do little to clarify the issues and would subject the parties to even greater delay. Roger Williams College v.Gallison, 572 A.2d 61, 63 (R.I. 1990).
This Court notes that the plaintiff presented to the Board the testimony of Mr. Lee Lapierre, a real estate appraiser. (9/22/93 Record at 27.) Mr. Lapierre explained to the Board that the Park View Estates subdivision was originally a 32 lot subdivision recorded in August 1964 and was primarily composed of lots the size of 24,000 square feet each. (Id. at 29.) He went on to state that it was his opinion that the best use of lot 405 was as a buildable lot for the construction of a single family home. (Id. at 31.)
Mr. Lapierre also explained to the Board that he appraised Lot 405 as a buildable lot and as a nonbuildable lot. (Id. at 32-33.) These appraisals resulted in Mr. Lapierre's estimation of the fair market value of Lot 405 as a buildable lot in the amount of $45,000, taking into consideration the fact that public water is available on the site.(Id.) Mr. Lapierre further expressed his opinion that as a non-buildable lot the market value would dwindle to basically what the abutting owners would be willing to pay, i.e. anywhere from $1 to $2000 or $3000, resulting in a substantial diminishing of the value of Lot 405. (Id.) The Board also heard testimony from Robert Benoit, the Building Inspector, Lois Blake, Mr. Kraftcheck's former spouse and Bruce Kraftcheck. Additionally, at the hearing there were several objectors present, including Scott Keefer, Lucien Lavoie, and Richard Lefebvre. (See 9/22/93 Record.)
It is well-settled that "a variance is not properly granted to insure personal convenience or a more profitable use of the property." Rozes v. Smith, 120 R.I. 515 at 521, 388 A.2d 816
at 820 (1978). Consequently, a review of the entire record certified to this Court indicates that the Board had before it substantial legal evidence upon which to base its decision that plaintiff failed to establish a deprivation of all beneficial use of his property.
Finally, plaintiff contends that § 4.2 of the North Smithfield Zoning Ordinance is unconstitutional under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, § 16 of Rhode Island Constitution because it constitutes a taking without compensation and its enforcement is arbitrary and discriminatory. He relies heavily on Lucas v. SouthCarolina Coastal Council, 112 S. Ct. 2882 (1992) and Annicelli v.Town of South Kingstown, 463 A.2d 133 (R.I. 1983) for the proposition that a landowner whose land is deprived of all economically viable use is entitled to compensation.
The Lucas Court acknowledged that its holding was limited to the "relatively rare situations" where "no productive or economically beneficial use of land is permitted." Id. at 2894 (emphasis in the original). Similarly, the Annicelli Court awarded compensation because it found that "all reasonable or beneficial use of [the] property ha[d] been rendered an impossibility." Id. at 140. Therefore a party must make this showing in order to bring their claim within the ambit of these cases. A review of the record illustrates that the plaintiff has not met this burden.
Accordingly, after reviewing the entire record, this Court finds that the decision of the North Smithfield Zoning Board was based on the substantial evidence before it. This Court further finds that the Board's decision is not clearly erroneous in view of the reliable, probative, substantial evidence contained in the record and substantial rights of the plaintiff have not been prejudiced. For the foregoing reasons, the decision of the board is affirmed.
Counsel shall prepare an appropriate judgment for entry.
[1] This Court takes judicial notice of the fact that the date of repeal of R.I.G.L. § 45-24-20(d) was changed to December 31, 1994. See R.I.G.L. § 45-24-28(c), as amended by P.L. 1993, ch. 144, § 2, and by P.L. 1994, ch. 92, § 13. Furthermore, it is well-settled that the reenactment of a statute is a continuation of the law as it existed prior to the reenactment as far as the original provisions are repeated without change in the reenactment. Consequently, an intermediate statute which has been superimposed upon the original enactment as a modification of its provisions is likewise not repealed by the reenactment of the original statute, but is construed to be in force to modify the reenacted statute as it modified the original enactment. 1A Sutherland StatutoryConst. § 23.29 (5th Ed.). Mr. Kraftcheck appealed an October 1993 decision of the Zoning Board; therefore analysis under this statute is appropriate.