CONSIDINE LEASING CO.

v.

ZONING BOARD OF REVIEW OF the TOWN OF SOUTH KINGSTOWN.

No. 89–42–M.P.

Supreme Court of Rhode Island.

April 30, 1990.

Robert O. Tiernan, Providence, for plaintiff.

Karen R. Ellsworth, Providence, for defendant.

OPINION

FAY, Chief Judge.

This case comes before the Supreme Court by means of a petition for certiorari seeking review of a Superior Court judgment upholding a decision by the South Kingstown Zoning Board denying the petitioner's application for a variance to subdivide a parcel of land into two substandard lots. The petitioner, Considine Leasing Co., sought to build a single-family dwelling on the newly created lot. We affirm the Superior Court's judgment but not for the same reasons as set out in the trial justice's decision.

The petitioner bought the parcel in question in June 1986. The parcel is situated at Perry Avenue in Wakefield Square and measures 18,000 square feet. It is located in an area with a residential zoning classification of R–10, which requires that each lot contain a minimum area of 10,000 square feet and a minimum frontage of 80 feet.

On July 27, 1987, petitioner applied for a variance and requested that the zoning board grant it relief from the merger provision and the frontage and area requirement of the South Kingstown zoning ordinance. The petitioner also stated that a denial of its request to divide one lot into two single nonconforming lots would deprive it of all

beneficial use of the property. A public hearing was held on September 21, 1987.

At the hearing it was established that the property was purchased as one lot in 1986. The petitioner wanted to divide its property into two lots measuring 9,000 square feet each. The parcel was originally plotted in 1900 as two lots (lot Nos. 33 and 34). The petitioner wanted to build an additional house on lot No. 34, if the variance was granted (lot No. 33 already has a house on it). The zoning board denied petitioner's application, stating:

"The applicant has not shown to the satisfaction of the Board that he has, would have a hardship if the Board saw fit to grant this variance. * * *

"The applicant bought the piece of property in 1986 as a single lot, and the merger clause, Section 421, has been in effect since 1980. I think that this Board has to be consistent that if we are denying these to other applicants, we must be consistent. I don't think that the lot sizes in the area has any bearing at all on whether or not we separate lots. We don't have the authority to separate lots."

The petitioner appealed the zoning board's decision to the Superior Court pursuant to G.L.1956 (1988 Reenactment) § 45-24-20. The Superior Court upheld the zoning board's decision on October 4, 1988. We agree with the outcome of this judgment but for different reasons, as we shall explain below.

The trial justice held that the zoning board was correct in not granting the variance because lot No. 34 did not qualify under section 420 of the ordinance as a single nonconforming lot of record since on the effective date of the ordinance the two adjacent lots were held under the same ownership. We agree with this conclusion. The trial justice also held, however, that the zoning board was incorrect in finding that lot Nos. 33 and 34 had merged per section 421, the merger provision of the ordinance. This conclusion was inapposite to our decision in the recently decided case of *Skelley v. Zoning Board of Review of South Kingstown,* 569 A.2d 1054 (R.I. 1990), where we held that since the petitioners' two adjacent nonconforming lots were held under the same ownership on the effective date of the ordinance, they were therefore considered to be an undivided parcel of land pursuant to section 421 of the ordinance. *Id.* at 1057.

*Skelley* was decided after the parties submitted their briefs to this court. *Skelley* involved the same zoning ordinance as the one at issue in this case, and we were faced with an almost identical factual situation. At the outset of the arguments presented to us in court on April 6, 1990, petitioner's counsel conceded that *Skelley* had answered many of the issues in this case. We agree and find *Skelley* controlling in this matter. In addition since the date of the arguments we decided another case concerning merger provisions, namely, *Brum v. Conley,* 572 A.2d 1332 (R.I.1990). In *Brum* we explained that *Redman v. Zoning and Platting Board of Review of Narragansett,* 491 A.2d 998 (R.I.1985), did not apply to a situation in which two contiguous lots were acquired by a petitioner after the effective date of the zoning ordinance, which required these lots to merge to conform to the zoning-district requirements. We pointed out that *Redman* did not stand for the principle that a variance could be granted to a petitioner to build on an undersized lot. *Brum,* at 1334.

For the reasons set out in *Skelley* and *Brum,* we hold that the town council had the authority to enact the ordinance, that the merger of the two contiguous lots in this case was proper, and that the merger did not result in a deprivation of all beneficial use of the petitioner's property.

Therefore, the judgment of the Superior Court is affirmed, the petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers in this case are remanded to the Superior Court with our opinion endorsed thereon.