[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This civil action is an appeal pursuant to G.L. 1956 (1991Reenactment) § 45-24-69, as amended by P.L. 1991, ch. 307, § 1
(Rhode Island Zoning Enabling Act of 1991), from a decision of the Zoning Board of Review of the Town of North Providence (hereinafter "the Board") dated September 28, 1992. The Board denied the application of Mr. Samuel G. Raheb (hereinafter "Raheb" or "the plaintiff") for permission to construct a single family home on Park Street on Assessor's Plat 6, Lot 161. This action was commenced on October 8, 1992. The record was certified to this Court on November 6, 1992. Briefing was concluded on May 17, 1993. The case was assigned to this Justice on June 14, 1993. The plaintiff moved for leave to present oral argument. Oral argument was heard on July 16, 1993.
From the briefs and the arguments it is clear that the parties do not disagree as to the facts. The sole question presented is whether or not Lot 161 has been merged with an adjacent lot by operation of the zoning ordinance.
The lot merger provisions of the ordinance are set out in Article VII, Section 3, entitled: Substandard Lots of Record,
as follows:
 "No lot area shall be so reduced that yards, total area, and lot width shall be less than prescribed for the district in which the lot is located. No yard or open space provided around any building for the purpose of complying with the provisions of this ordinance shall again be used as a yard or open space for any other building.
 A lot smaller than the minimum area and width required by this ordinance, which was lot of record on the effective date of this amendment, which is separately owned may be used for a single family dwelling in any RS, RL, RG, or BL district provided that said lot shall have a minimum width of 40 feet and a minimum area of 3,200 square feet, and further provided that connection is to be made to a sanitary sewer.
 The side yard depth may be reduced in the aforesaid districts to 10 feet for a non-firerated garage and to 5 feet for a firerated or masonry garage.
 Where adjacent lots which are smaller than the minimum area and width required by this ordinance, which were lots of record on the effected (sic) date of this amendment, are held under the same ownership, they shall be combined to form a lot which meets the minimum requirements of the zoning district where such lots are located.
 Notwithstanding any provisions of this Ordinance to the contrary, a lot of record which was conforming at the time of passage of this Ordinance and which would be rendered non-conforming by the provisions of this Ordinance, need not be combined with contiguous land and shall continue to be considered conforming. The intensity regulations existing immediately prior to the passage of this ordinance shall govern such a lot."
The parcel in question is located in a Zone RS district under the zoning ordinance. With some very limited special exceptions the only permitted uses in that zone are for single family detached dwellings and government buildings. The minimum lot size is 8000 square feet per dwelling and the minimum lot width is 70 feet. Lot 161, on which Raheb proposes to construct a dwelling for his own residence, contains approximately 5600 square feet. Raheb also owns an adjacent lot, Lot 162 on Assessor's Plat 6, which already has a dwelling house on it. The dwelling was constructed before the ordinance was enacted. Lot 162 also clearly contains much less than 8000 square feet. At the time of the enactment of the ordinance both Lots 161 and 162 were non-conforming lots of record and in separate ownership. Lot 162 was then improved and Lot 161 was unimproved.
It is apparent so long as Lots 161 and 162 were separately owned each of them could have been used for a single family dwelling according to the second paragraph of Section 3. Nonetheless, when the two adjoining lots came into common ownership by Raheb's purchase of Lot 161, the fourth paragraph required that they be combined or merged "to form a lot which meets the minimum requirements of the zoning district where such lots are located."
The fourth paragraph does not expressly include a provision that requires the merger or combination of a substandard lot acquired after the adoption of the ordinance with a substandard lot acquired before the adoption of the ordinance. A careful reading of the language of paragraph and a consideration of the intent of the provision leads to the conclusion that the ordinance requires a combination of the after-acquired lot with the before-acquired one. Obviously the paragraph was meant to have prospective application so that the verb in the main clause is in the future tense: "shall be combined." All the verbs in subordinate clauses, with one exception, are in the present tense: "are smaller," "are held," "meets," and "are located." The only retrospective clause is the "which were lots of record on the (effective) date of this amendment" clause. The language cannot be taken to mean that the paragraph took effect once only at the time of adoption. The provision is linguistically one of continuing effectiveness.
The question of the intent of the provision yields the same result. There is no reason why the Town of North Providence would want a one-time merger of commonly-owned contiguous undersized lots. There is good reason for the Town to want after-acquired lots to be merged with existing substandard lots. Article I, Section 1 of the Ordinance states a series of forward-looking purposes and Section 2 announces clearly the prospective application of the whole regulatory scheme embodied in the Ordinance.
The plaintiff further contends on oral argument that his two lots should not be combined because one is improved and the other unimproved. This implied reliance on Redman v. Zoning andPlatting Board of Review of Narragansett, 491 A.2d 998 (R.I. 1985) is misplaced in the light of the clarification of that decision in Brum v. Conley, 572 A.2d 1332, 1335 (R.I. 1990). Section 3 makes no distinction between improved and unimproved lots and neither will the Court.
The plaintiff argues that the last paragraph of the section relieves him of any obligation to combine the two parcels. He points out that each lot could lawfully be built on before the enactment of the ordinance, so long as they were separately owned. Thus, he says they were lots of record which were "conforming" at the time of passage of the ordinance and need not be combined. The defendant argues that, while each lot may have been exempt from combination or merger, they were notconforming lots. They were legal non-conforming lots. This paragraph is clearly meant to apply only to lots whose areas and dimensions actually conformed to the prior ordinance but which no longer conform under the new ordinance because of changes to those requirements. The last sentence makes this construction of the paragraph inescapable.
The exception for pre-existing substandard lots does not apply to a landowner who owns any adjacent lots that, if combined with the substandard lot, would satisfy the area requirements.R.J.E.P. Associates v. Hellewell, 560 A.2d 353, 356 (R.I. 1989). Substandard contiguous lots cannot be developed as individual non-conforming lots unless the landowner is granted a variance or exception. Id., at 355. The Court did not rule, as the plaintiff suggests, that the landowner need only meet the standard for granting a dimensional deviation. The Court said that the applicant must satisfy the standard for granting a variance. Id., at 355-56. The mere inconvenience standard would gut the merger requirements of these ordinances. See also,Brum v. Conley, supra, at p. 1336.
The Board found that the plaintiff would not be deprived of substantially all beneficial use of his land by a strict application of the ordinance because his combined parcel was useable as a single family dwelling house lot. There is substantial evidence which supports the Board's conclusion. It cannot be disturbed. Apostolou v. Genovesi, 120 R.I. 501,388 A.2d 821 (1978).
The plaintiff's appeal is denied and dismissed. The decision of the Board is affirmed.