STATE

v.

Kimberly JENKINS.

No. 94–590–M.P.

Supreme Court of Rhode Island.

April 17, 1996.

Aaron Weisman, Asst. Attorney General, for Plaintiff.

Merlyn P. O'Keefe, Peace Dale, for Defendant.

## OPINION

MURRAY, Justice.

Before the court is the petition of Kimberly Jenkins (Jenkins) for certiorari. Jenkins seeks review of a decision of an Appeals Panel (appeals panel) of the Administrative Adjudication Court (AAC) affirming an administrative trial judge's finding that Jenkins had violated G.L.1956 § 31–27–2.1 by refusing to submit to a chemical test. We deny the petition for certiorari and affirm the decision of the appeals panel. The facts and the

procedural history of the case which give rise to the instant petition follow.

On May 2, 1994 Jenkins was arrested by South Kingston police and charged with several motor-vehicle offenses including, inter alia, driving under the influence of liquor [1] and refusal to submit to a chemical test.

On June 16, 1994 Jenkins was tried on the charge of driving under the influence of liquor in the District Court, wherein she filed a motion to suppress the evidence against her on the basis that the police had stopped her vehicle without probable cause. Because the police lacked probable cause to stop her vehicle, Jenkins argued, all evidence flowing from the search should be suppressed. In the District Court her motion to suppress was combined with the trial on the merits. Following a trial a District Court trial judge found Jenkins not guilty of the offense of driving under the influence of liquor. However, there is no stenographic record of the District Court proceedings, and the judgment entered by the trial judge merely states a finding of not guilty after a trial. Nevertheless, Jenkins maintains that the trial judge explicitly found that the police lacked probable cause to stop her vehicle and that, therefore, all evidence flowing from the stop was suppressed.

Subsequently, on September 14, 1994, a hearing was held in the AAC on the charge of refusal to submit to a chemical test. Prior to the hearing Jenkins moved to dismiss the charge on the basis of collateral estoppel. Jenkins argued that because the District Court trial judge found that the police had lacked probable cause to stop her vehicle and she was found not guilty of the charge of driving under the influence of alcohol, the state was precluded from prosecuting her on the charge of refusal to submit to a chemical test in the AAC. Jenkins's motion to dismiss the charge was denied.

After a hearing an AAC trial judge sustained the charge of refusal to submit to a chemical test and imposed a ninety-day license suspension against Jenkins. Jenkins filed an appeal of the trial judge's finding with the appeals panel of the AAC and also

---

1. In violation of G.L.1956 § 31–27–2, as amended by P.L.1993, ch. 138, art. 26, § 3.

sought a stay of her license suspension. The request to stay the license suspension was denied by an AAC trial judge on October 3, 1994.

Subsequently, on October 12, 1994, Jenkins filed a petition for issuance of a writ of certiorari and a motion to stay her license suspension in this court, which were granted on October 20, 1994.

The appeals panel subsequently considered Jenkins's appeal and affirmed the decision of the AAC trial judge on all issues, including the collateral-estoppel issue. In a written decision filed on January 2, 1995, the appeals panel concluded in respect to the collateral-estoppel issue that

"[b]ecause there is no record of the findings of fact or reasons for the decision [of the District Court] stating that no probable cause was found, [Jenkins] cannot use that finding to collaterally estop the state at this point. There is no evidence from the record that there was a final determination by the District Court on the issue of probable cause, only appellant's counsel's representation of the disposition at trial. Accordingly, the state should not have been collaterally estopped on the issue of probable cause. It should also be noted that even if there was a final determination on the issue of probable cause in the District Court case, collateral estoppel would not be appropriate in this action since the issue of probable cause is not the same under each statute and the burden of proof is not the same in the two hearings."

In her instant petition Jenkins raises one issue. Specifically she contends that the appeals panel erred in denying her motion to dismiss the charge of refusal to submit to a chemical test. It is Jenkins's contention that her acquittal in the District Court of driving under the influence of alcohol, and the trial judge's finding that the police had lacked probable cause for the original stop, collaterally estops the state from prosecuting her for the charge of refusal to submit to a chemical test in the AAC.

■ This court's review of judgments of the appeals panel is authorized by G.L.1956 § 31–43–4(j), and it must conform to the standards embodied in § 31–43–4(f). Accordingly this court must determine whether the appeals panel exceeded its authority under § 31–43–4(f). The appeals panel's decision will not be reversed unless we determine that the panel "misapplied the law, misconceived or overlooked material evidence, or made findings that were clearly wrong." *Link v. State,* 633 A.2d 1345, 1348 (R.I.1993) (quoting *Brum v. Conley,* 572 A.2d 1332, 1335 (R.I.1990)).

■ As we have previously stated, "The doctrine of collateral estoppel makes conclusive in a later action on a different claim the determination of issues that were actually litigated in a prior action." *E.W. Audet & Sons, Inc., v. Firemen's Fund Insurance Company of Newark, New Jersey,* 635 A.2d 1181, 1186 (R.I.1994). Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id.* (quoting *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469, 475 (1970)). In order for this doctrine to bar a subsequent judicial proceeding, several requirements must be satisfied. The requirements are (1) that there must be an identity of issues, (2) that the prior proceeding resulted in a final judgment on the merits, and (3) that the party against whom collateral estoppel is asserted is the same as or is in privy with a party in the prior proceeding. *State v. Chase,* 588 A.2d 120, 122 (R.I.1991).

■ In the instant case we are of the opinion that Jenkins's collateral-estoppel argument fails in two respects. First, the District Court trial record does not support Jenkins's contention regarding the trial judge's probable-cause ruling. The District Court judgment merely indicates that Jenkins was found not guilty after a trial. The District Court record lacked sufficient information to persuade the appeals panel that a probable-cause determination had been made by the District Court. Therefore, we find that the decision of the appeals panel was proper.

■ More notably, however, even if this court were to find that the appeals panel

erroneously rejected Jenkins's representation in respect to the trial justice's probable-cause determination, Jenkins's argument must fail since she was charged under two separate statutes, each having distinct elements. To establish a violation of refusal to submit to a chemical test under § 31–27–2.1 successfully, the state is not required to establish that there existed probable cause for the police to stop a vehicle in order to meet its burden of proof. Section 31–27–2.1 provides in relevant part as follows:

"**Refusal to submit to chemical test.**— (a) Any person who operates a motor vehicle within this state shall be deemed to have given his or her consent, to chemical tests of his or her breath, blood, and/or urine for the purpose of determining the chemical content of his or her body fluids or breath * * * [and the tests] shall be administered at the direction of a law enforcement officer having *reasonable grounds* to believe such person to have been driving a motor vehicle within this state while under the influence of intoxicating liquor * * *." (Emphasis added.)

Under the language of the statute it is clear that *reasonable suspicion* is the proper standard for evaluating the lawfulness of a stop.

This requirement is consistent with the United States Supreme Court's decision in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In that case the Court enunciated the principle that a police officer can stop and briefly detain a person for investigative purposes absent probable cause if the officer has reasonable suspicion based upon specific and articulable facts, and reasonable inferences can be drawn therefrom. *See State v. Collodo,* 661 A.2d 62 (R.I.1995).

■ Our review of the record in the instant case reveals that the reasonable-suspicion requirement was satisfied. Here, the police officer stopped and detained Jenkins upon observing the erratic movement of her motor vehicle. Specifically the officer testified that he noticed her vehicle twice drift over the center line of the highway upon which she was traveling. Both times her vehicle's left wheels contacted the chatter-strip. The officer also saw Jenkins's vehicle undertake wide turns while both entering and exiting a parking lot. We believe these facts were sufficient to support a finding by the AAC of reasonable suspicion that Jenkins had been operating her vehicle while under the influence of intoxicating liquor.

Therefore, even if the District Court trial judge made a determination of no probable cause, that issue was unrelated to and irrelevant in the AAC trial and would, therefore, not operate to preclude the state from prosecuting Jenkins under § 31–27–2.1. Accordingly we are of the opinion that the appeals panel properly rejected Jenkins's argument in respect to the District Court's probable-cause determination forming the basis of a collateral-estoppel claim. *State v. Chase,* 588 A.2d at 122.

For these reasons the petition for certiorari is denied, and the writ heretofore issued is quashed. The decision appealed from is affirmed, and the papers of the case are remanded to the AAC with our decision endorsed thereon.

FLANDERS and SHEA, JJ., did not participate.