E. David CORVESE, Ernest Corvese as Trustee of the E. David Corvese Irrevocable Trust, Beverly A. Mosher, Barbara Schermack, as Trustee of the Beverly A. Mosher Irrevocable Trust, Todd R. Palmieri, and Charles Hoffman

v.

MEDCO CONTAINMENT SERVICES, INC., et al.

No. 95–567 M.P.

Supreme Court of Rhode Island.

Jan. 10, 1997.

Robert Corrente, Providence, Anthony F. Cottone, for Plaintiff.

Charles J. McGovern, Robin L. Main, Michele A. Almon, Providence, M.'Liss Adamo Renaldi, for Defendant.

## OPINION

**PER CURIAM.**

This case came before the court for oral argument November 4, 1996, pursuant to an order that directed the parties to appear and show cause why the issues raised in the petition for certiorari that had been filed by Medco Containment Services, Inc. (Medco), should not be summarily decided. After hearing the arguments of counsel and examining the briefs filed by the parties, we are of the opinion that cause has not been shown and that the issues should be decided at this time. This petition for certiorari seeks review of a discovery order entered by a justice of the Superior Court in the following circumstances.

The underlying litigation consists of a civil action filed by former officers and shareholders of Payer Prescribing Information, Inc. (PPI), a corporation which had furnished informational products, marketing analysis, and consulting services to the pharmaceutical industry. The plaintiffs below allege that defendant Medco and its affiliated defendants have committed breach of contract, tortious interference with contract, securities and common-law fraud, and misrepresentation in connection with its purchase of PPI. In the course of discovery plaintiffs filed their first request for production of documents that included request No. 18, which sought production of

> "[a]ny documents which discuss, refer or relate in any way to any rebates, chargebacks, or other forms of product discounts received by Medco, or by any subsidiary or affiliate of Medco, from any pharmaceutical companies during the period January 1, 1992 to the present."

This request for production was made on June 8, 1994. Medco neither objected to the

request, nor responded in any way by producing any of the documents requested. On September 29, 1994, plaintiffs filed a motion to compel production. In response to this motion Medco requested an extension of time. On October 17, 1994, a justice of the Superior Court denied the motion to compel and granted Medco's motion for extension of time, thereby requiring production by October 30, 1994. On November 2, 1994, Medco filed a boiler-plate response to request No. 18 citing the attorney-client and attorney work product doctrines as reasons for nonproduction of the required documents. On November 14, 1994, plaintiffs filed a motion to compel further responses to its request for production, noting that no privilege log had been produced.

On November 23, 1994, a justice of the Superior Court ordered Medco to produce the requested documents and a privilege log on or before December 21, 1994. Despite this order Medco failed to produce the requested documents and privilege log by the close of business on December 21, 1994.

On March 14, 1995, plaintiffs filed their first motion to default Medco for failure to respond. On March 23, 1995, plaintiffs' motion to default Medco was granted, defendants having failed to appear or object. On March 28, 1995, the parties filed a consent decree vacating the order of default by reason of a claim by Medco's counsel that she had not received a copy of the motion in the mail.

On May 9, 1995, Medco for the first time interposed a supplemental objection on the ground that certain unspecified documents that had been required to be produced in response to request No. 18 were "business sensitive, proprietary, and confidential." On May 25, 1995, plaintiffs filed a second motion to default Medco for its failure to comply with the order of November 23, 1994. Medco objected on June 12 to the motion to default. On August 1, 1995, the motion to default was heard and conditionally granted by a justice of the Superior Court. Medco's argument relating to the claim that certain documents were "business sensitive, proprietary, and confidential" was rejected.

On August 2, 1995, Medco had not produced the documents in Providence but stated that they were available at a law firm in New York City. On this date a telephone conference took place among counsel for plaintiffs, counsel for Medco, and the motion justice. Pursuant to this conference, the justice required that all documents be produced in Providence within forty-eight hours and further ordered that anyone who viewed the documents should sign an affidavit agreeing to maintain the confidentiality of any information provided in those documents. An affidavit to this effect was drafted by counsel for Medco. On September 27, 1995, Medco filed a motion for reconsideration and further requested that the August 2 order be stayed. On October 4, 1995, Medco's motions for reconsideration and stay were heard. The trial justice specifically found that the affidavit would adequately protect any business-sensitive or proprietary information that might be the subject of discovery. She declined to amend the order. She specifically found it to be appropriate and fair.

Medco sought relief from this court by petition for certiorari. We granted the writ and placed the matter on the show-cause calendar for oral argument.

■ Medco has alleged that a telephone conversation between E. David Corvese (Corvese) and Per G.J. Lofberg (Lofberg), the president of Medco, relating to settlement of the case alerted Lofberg to further facts indicating the danger of review of these 600 boxes of documents by Corvese. It is undisputed that Corvese operates a business entitled ProMark, which is a competitor of Medco's. Medco also raises an allegation that Corvese had not fully honored a provision of an employment contract he once had with PPI. The motion justice considered and rejected these arguments and declined to amend her order. Medco contends that the motion justice believed that she did not have the authority to limit a party's access to documents disclosed in discovery. A review of her decision indicates that she was well aware of her power to limit access. In granting or denying discovery orders, a justice of the Superior Court has broad discretion. This court will not disturb a decision

by a Superior Court justice relating to discovery save for an abuse of discretion. *Kelvey v. Coughlin*, 625 A.2d 775, 776 (R.I.1993).

Reviewing the history of the motions for production by plaintiffs, the lack of response by Medco, and the belated discovery of "new evidence" indicating the probability that Corvese would not honor his affidavit, we conclude that the trial justice committed no abuse of discretion in declining to amend her order of August 2, 1995. She made every effort to respond to Medco's concerns even though she might well have taken the position that Medco had waived its right to raise this issue. Rule 34 of the Superior Court Rules of Civil Procedure provides that a party upon whom a request for production is served shall produce a written response within forty days after service of that request. The rule further requires that the response shall include specific objections to the request along with the reasons therefor. No objections were asserted by Medco to the request of June 8, 1994. Indeed, Medco responded to a motion to compel filed September 29, 1994, only by seeking an extension of time, which request was granted. It was not until May 9 of 1995 that the issue of confidentiality was even raised.

In the circumstances of this case the trial justice gave more credence to Medco's request for protection than it was entitled to demand. There was no abuse of discretion on her part.

For the reasons stated, the petition for certiorari is denied, and the writ heretofore issued is quashed. The order of the Superior Court is affirmed. The papers in the case may be remanded to the Superior Court with our decision endorsed thereon.