STATE

v.

**Peter J. BRUNO.**

**No. 97–457—Appeal.**

Supreme Court of Rhode Island.

April 9, 1998.

Aaron L. Weisman, Providence, for Plaintiff.

Ira L. Schreiber, Kenneth A. Schreiber, Cranston, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before this Court on March 9, 1998, pursuant to an order directing both parties to show cause why the issues raised by this petition for certiorari should not be summarily decided. The petitioner, the State of Rhode Island, seeks review of a decision of the Appeals Panel (appeals panel) of the Administrative Adjudication Court (AAC) that affirmed the dismissal of a breathalyzer-refusal charge against Peter J. Bruno, the respondent.

After hearing the arguments of counsel and reviewing the memoranda filed by the parties, we conclude that cause has not been shown. Therefore, the case will be decided at this time.

The facts pertinent to the case are not in dispute. In the early morning hours of September 13, 1996, an East Greenwich police officer observed a motorist, later identified as respondent, vomiting on the side of the road. The officer then followed respondent and observed him swerving from lane to lane and accelerating up to eighty miles per hour on Route 4. Following the officer's subsequent signal to respondent to stop his vehicle, respondent pulled over. The officer then noticed vomit on the interior door of respondent's car, detected an odor of alcohol, and observed that respondent appeared confused and used slurred speech. In response to questioning from the officer, respondent stated that he had been drinking at the Conversations Restaurant and that he had had "a lot of alcohol" to drink and thought that he probably should not have been driving. After performing poorly on a number of field sobriety tests, respondent was arrested and transported to the East Greenwich Police Station. After becoming ill, respondent was taken to Kent County Hospital, where he refused to submit to a breathalyzer test. On the basis of his refusal, respondent subsequently was charged with violating G.L.1956 § 31–27–2.1.

A hearing on the refusal charge was conducted before an AAC judge on March 18, 1997. At the hearing, respondent presented a deposition from his physician purporting to establish that respondent's impairment and behavior on the morning in question were caused by medication he was taking, not alcohol consumption. The hearing judge stated that

> "[a police officer] can charge [a driver] with anything he wants or nothing, as long as he has reasonable, articulable suspicions to stop his vehicle. *I think the weaving fast and slow, et cetera, [constituted] perfectly good suspicion.* I think the (INAUDIBLE) officers did the correct thing." (Emphasis added.)

Despite this finding the hearing judge dismissed the charge against respondent, concluding, "I don't have enough evidence to find that he was impaired as a result of alcohol or drugs. * * * It's sufficient evidence to me to think that it could have been something else." The petitioner appealed the dismissal to the AAC appeals panel pursuant to G.L.1956 § 31–43–4(a). The appeals panel affirmed the decision of the hearing judge, finding that "the hearing judge had before him competent evidence to find there were insufficient reasonable grounds at the time of the arrest to believe that the [respondent] was operating under the influence of alcohol, and not exhibiting the side effects of his medication." The petitioner subsequently filed a petition for certiorari pursuant to § 31–43–4(j).

It is well settled that this Court will affirm appeals panel decisions unless we determine that "the panel 'misapplied the law, misconceived or overlooked material evidence, or made findings that were clearly wrong.'" *Link v. State*, 633 A.2d 1345, 1348

(R.I.1993) (quoting *Brum v. Conley,* 572 A.2d 1332, 1335 (R.I.1990)). Section 31–27–2.1(b) provides in relevant part:

"If the administrative judge finds after the hearing that the law enforcement officer making the sworn report had *reasonable grounds to believe that the arrested person had been driving a motor vehicle within this state while under the influence of intoxicating liquor,* * * * and [the administrative judge further finds] that the person while under arrest refused to submit to [a breathalyzer test] upon the request of a law enforcement officer, that the person had been informed of his or her rights in accordance with § 31–27–3, and that the person had been informed of the penalties incurred as a result of noncompliance with this section, the administrative judge *shall sustain the violation."* (Emphases added.)

"Under the language of the statute it is clear that *reasonable suspicion* is the proper standard for evaluating the lawfulness of a stop." *State v. Jenkins,* 673 A.2d 1094, 1097 (R.I. 1996). In *Jenkins* this Court observed that reasonable suspicion must be "based upon specific and articulable facts" from which reasonable inferences could be drawn. *Id.* Moreover, we found that the reasonable suspicion requirement of § 31–27–2.1 was satisfied where a police officer

"noticed [the motorist's] vehicle twice drift over the center line of the highway upon which she was traveling. Both times her vehicle's left wheels contacted the chatterstrip. The officer also saw [the motorist's] vehicle undertake wide turns while both entering and exiting a parking lot." 673 A.2d at 1097.

We conclude that the AAC hearing judge and the appeals panel violated the clear mandate of § 31–27–2.1(b) to sustain a refusal violation when it has been found that reasonable suspicion existed to justify the stop. Even though respondent's claim that his erratic driving and other conduct were the results of medication and not of alcohol consumption might be relevant, for example, to a charge of driving under the influence, such a claim is not, as the hearing judge and the appeals panel erroneously surmised, dispositive of whether reasonable suspicion existed to support a finding of a violation of § 31–27–2.1. *Cf. Jenkins,* 673 A.2d at 1097 (holding that a finding of not guilty in respect to a charge of driving under the influence has no bearing on whether the same motorist is guilty of refusing to submit to a breathalyzer test, since two separate statutes, "each having distinct elements," are involved). It is difficult to conceive of a fact pattern that would present a more solid case for reasonable suspicion under § 31–27–2.1 than the one before us.

The hearing judge here in fact found that the officer had "perfectly good suspicion" to carry out the stop. It is uncontroverted that respondent was informed of his rights and of the penalties for refusing to take the breathalyzer test. Therefore, the judge was clearly wrong in not sustaining the violation, as was the appeals panel in affirming the dismissal.

Consequently we grant the state's petition for certiorari, quash the judgment of the AAC appeals panel, and remand the case to the appeals panel with directions to remand the matter to the hearing judge to affirm the violation.