**Sandra L. COLVIN**

v.

**Mary D. LEKAS, M.D. et al.**

**No. 98–378–M.P.**

Supreme Court of Rhode Island.

June 22, 1999.

Suzanne M. McGrath, Scott P. Tierney, Providence, for Plaintiff.

Kevin M. Daley, Warwick; J. Renn Olen; John F. Dolan, Thomas D. Gidley, Joseph A. Kelly, Alan R. Tate, Seth Bowerman, Timothy P. Gallogly, Stephen P. Harten, Richard R. Beretta, Jr., Providence, Francis A. Connor, III., Boston, MA, Michael T. Sullivan, James S. D'Ambra, Providence, Robert C. Shindell, Boston, MA, Wendy J. Taylor, Bristol, Scott D. Levesque, West Warwick, Paul F. Galamaga, Providence, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case comes to us pursuant to the plaintiff's petition for certiorari. We heard this matter for oral arguments on May 21, 1999, pursuant to an order that directed the parties to appear and show cause why the issues raised in this petition should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues should be summarily decided at this time.

The plaintiff, Sandra L. Colvin (Colvin), developed throat cancer that she alleges remained undiagnosed. She further alleges that during the course of her treatment, she suffered additional associated incidents of malpractice at the hands of the defendants, West Bay Community Action (West Bay). Approximately two months after suit was commenced, West Bay propounded several interrogatories to Colvin which are at the core of this petition. Interrogatory number four requested that Colvin disclose the identity of any expert witness she had retained to testify and that she disclose the subject matter on which she expected the expert to testify. Although objecting to the breadth of the information sought by West Bay, Colvin responded that "to date no experts have been retained to testify on my behalf. They will

be identified at a future date in accordance with Rhode Island Superior Court Rules of Civil Procedure."

■ West Bay subsequently filed a motion to compel more responsive answers to interrogatories arguing that Colvin is required to disclose the identity of any experts as soon as they are known by Colvin. West Bay further argued that in accordance with Rule 11 of the Superior Court Rules of Civil Procedure, Colvin must consult with an expert prior to filing the claim and therefore, she must have known the identity of her experts prior to the time her answers to the interrogatories were furnished. The trial justice found this invocation of Rule 11 "distasteful." We find Rule 11 inapplicable to the present controversy. Although Rule 11 may require consultation with an expert prior to the filing of a medical malpractice complaint, it does not require that an expert be retained for testimonial purposes prior to filing the complaint.

■ After a hearing on this matter, the trial justice declared from the bench that "I'll give you 30 days from now to have hired your expert or to answer: 'You do not expect to call an expert to testify.'" The trial justice reinforced his holding when he instructed Colvin "to answer [question] four within 30 days." Pursuant to this decision, the trial justice entered a written order on July 2, 1998 which instructed that the "[p]laintiff shall disclose the identity of its testifying expert witness(es), the substance of the facts and opinions to which such experts are expected to testify and such other information as provided for under Rule 26(b)(4)(A)(i), on or before August 5, 1998."[1] The order further stated that it "shall not affect the [p]laintiff's nor any defendants' ability to supplement their responses in accordance with the Rules of Civil Procedure." Colvin subsequently petitioned this Court to review the order of the Superior Court relating to the motion to compel more responsive answers.

■ In granting or denying discovery motions, a Superior Court justice has broad discretion. *See Corvese v. Medco Containment Services, Inc.*, 687 A.2d 880, 881 (R.I.1997). Moreover, this Court will not disturb a decision by a Superior Court justice relating to discovery save for an abuse of that discretion. *Id.* at 881–82; *see also Kelvey v. Coughlin*, 625 A.2d 775, 776 (R.I.1993). Without passing upon the trial justice's authority to require either party to hire an expert "within 30 days," as he purported to do from the bench, we determine that the order granting West Bay's motion to compel Colvin to respond to interrogatory number four, *as entered*, is within the discretion of the trial justice and was not an abuse of his discretion in ruling on the discovery motion.

Accordingly, the petition for certiorari is denied and the writ previously issued is quashed. The order of the Superior Court is affirmed and the papers in this case are remanded to the Superior Court, with our decision endorsed thereon.

---

1. The order contained additional provisions imposing a similar duty upon defendants to identify their experts within thirty days of the order, or within forty days from receiving interrogatories requesting the information.