Louis J. GIULIANO

v.

Louis A. PASTINA, Jr.

No. 2001–88–Appeal.

Supreme Court of Rhode Island.

March 29, 2002.

Thomas Dickinson; Gregory A. Carrara; Brian LaPlante; Andrea Krupp, Providence, for plaintiff.

Thomas DiPrete, Providence, for defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, and FLANDERS, JJ.

## OPINION

PER CURIAM.

In this case, the plaintiff, Louis J. Giuliano, appeals from the granting of a motion to dismiss his complaint in favor of the defendant, Louis A. Pastina, Jr. The plaintiff also appeals the denial of his motion for letters rogatory and the motion jus-

tice's order staying all discovery pending her ruling on the defendant's motion to dismiss.

On September 22, 2000, the plaintiff filed a complaint against the defendant alleging that the defendant, as an agent and/or employee of the Plainridge Racing Company, LLC (PRC), an entity that operates harness racing and video simulcasting at Plainridge Racecourse in Plainville, Massachusetts, damaged the plaintiff's ownership interest in PRC. The plaintiff alleged that his ownership interest in PRC was damaged because of the defendant's alleged involvement in illegal telephone betting. The plaintiff's complaint included claims against the defendant for tortious interference with advantageous relations and contractual relations; breach of contract; breach of fiduciary duty; injunctive relief; and punitive damages.

On October 16, 2000, the defendant filed a motion to dismiss the plaintiff's complaint pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. The defendant alleged that the complaint failed to state a claim for relief because the plaintiff's purported shareholder's ownership interest in PRC was the subject of litigation in multiple Massachusetts civil actions, making the complaint premature because it was based upon the supposition that the plaintiff was a shareholder of PRC. The defendant also argued that the plaintiff's claims were speculative because the harm alleged in the complaint had not occurred, and the complaint failed to allege any current harm. Finally, the defendant asserted that even if the plaintiff did have a shareholder's ownership interest in PRC, the defendant's alleged actions would directly cause harm to PRC, not the plaintiff. Thus any claims resulting therefrom would be those of PRC and not those of its individual shareholders unless any shareholder was entitled to enforce those claims

in a derivative action pursuant to Rule 23.1 of the Superior Court Rules of Civil Procedure.

Before the hearing on the defendant's motion to dismiss, the plaintiff filed motions for letters rogatory and other discovery requests, including a request for the production of documents and a notice to depose the defendant. The defendant objected to the plaintiff's discovery motions. The plaintiff's motions and objections were heard on December 6, 2000, at which time the motion justice denied the request for letters rogatory without prejudice and stayed all discovery pending the motion justice's ruling on the defendant's Rule 12(b)(6) motion.

On January 23, 2001, the motion justice granted the defendant's motion to dismiss. The plaintiff appeals that order and the motion justice's order denying the plaintiff's motion for letters rogatory and staying all discovery pending the ruling on the defendant's Rule 12(b)(6) motion.

After a prebriefing conference, the parties were directed to show cause why the issues raised in this appeal should not summarily be decided. After considering their legal arguments and memoranda, we conclude that cause has not been shown, and we proceed summarily to decide the appeal.

When reviewing a motion justice's grant or denial of a Rule 12(b)(6) motion to dismiss, this Court applies the same standard employed by the motion justice. "In reviewing a trial justice's grant of a motion to dismiss pursuant to Rule 12(b)(6), this Court assumes the allegations contained in the complaint to be true and views the facts in the light most favorable to the plaintiffs." *Martin v. Howard,* 784 A.2d 291, 297–98 (R.I.2001) (quoting *St. James Condominium Association v. Lokey,* 676 A.2d 1343, 1346 (R.I.1996)). "This Court has cautioned that such a motion should

not be granted 'unless it appears to a certainty that [the plaintiffs] will not be entitled to relief under any set of facts which might be proved in support of [their] claim.'" *Id.* at 298 (quoting *Bragg v. Warwick Shoppers World, Inc.,* 102 R.I. 8, 12, 227 A.2d 582, 584 (1967)).

■ In this case, the motion justice accepted the allegations in the plaintiff's complaint as true and viewed those allegations in the light most favorable to the plaintiff. She decided that the defendant, employed by PRC, did not owe a duty to the plaintiff, but instead to PRC, his employer, and therefore the plaintiff had no claims against the defendant. The plaintiff argued that the defendant's alleged wrongdoing would jeopardize PRC's license to operate the racetrack. If so this would be considered an interference with the corporation's license, not the plaintiff's alleged ownership interest. The motion justice noted that there was no causal relationship between the defendant's alleged wrongdoing and the plaintiff's claim of ownership. She then properly concluded that the defendant's alleged wrongdoing did not cause any present injury or damage to the plaintiff, but could only damage or injure PRC's interest. Thus, the plaintiff's claims, if valid, belonged to the corporation, and the plaintiff's complaint was in reality a derivative action that had not been filed in accordance with Rule 23.1. Because the plaintiffs complaint on its face discloses no compliance with that rule such noncompliance justifies the motion justice's Rule 12(b)(6) dismissal of the plaintiff's complaint.

■ Additionally, the plaintiff baldly asserts that Massachusetts law applied in this case even though he presented nothing to the motion justice to support that claim. At the hearing on the motion to dismiss, the plaintiff's counsel stated that he had "valid claims under Rhode Island law against the defendant" and then later suggested that Massachusetts law was applicable without citing to any facts or authority to support that claim. We decline to review this issue on the basis of alleged facts that were not before the hearing justice, *Tancrelle v. Friendly Ice Cream Corp.,* 756 A.2d 744, 751 (R.I.2000), and we additionally note from the case filings that the plaintiff failed to comply with G.L.1956 § 9–19–6.

■ Finally, the plaintiff argues that the motion justice erred in denying his motion for letters rogatory to depose out-of-state residents and in staying all discovery until the resolution of the defendant's motion to dismiss. Contrary to the plaintiff's contention, the defendant did file a motion to stay discovery and a motion for a protective order. "The Superior Court has broad discretion to regulate how and when discovery occurs." *Martin,* 784 A.2d at 296 (citing *Colvin v. Lekas,* 731 A.2d 718, 720 (R.I.1999) (per curiam)). "In reviewing the motion justice's stay of discovery, we apply a deferential abuse-of-discretion standard." *Id.* at 297 (citing *Corvese v. Medco Containment Services, Inc.,* 687 A.2d 880, 881–82 (R.I.1997) (per curiam)).

In light of the motion justice's dismissal of the plaintiffs complaint, the motion justice did not abuse her discretion in denying the plaintiff's motion for letters rogatory or in staying discovery pending the resolution of the defendant's motion to dismiss.

For the reasons above stated, the plaintiff's appeal is denied and dismissed, and the order granting the motion to dismiss is affirmed. The papers in this case are remanded to the Superior Court.

Justice GOLDBERG did not participate.