DECISION
Before this Court is Plaintiff Firemen's Insurance Company of Newark, New Jersey's (Firemen's) motion for protective order with respect to two notices of deposition served upon Firemen's and one of its employees,[1]
by Defendant Todesca Equipment Co., Inc. (Todesca). Defendant Todesca has timely filed an objection to the motion.
 Facts/Travel
Plaintiff Firemen's filed this complaint against Todesca and the Rhode Island Department of Transportation for declaratory judgment, seeking to establish that it has priority to certain contract proceeds currently held by the Department of Transportation. These contract proceeds derive from several construction contracts with Todesca's predecessor-in-interest, Forte Brothers, Inc. (Forte Brothers), that were bonded by Firemen's.
In March of 1991, Todesca, as indemnitor, executed an Agreement of Indemnity on behalf of Firemen's. In return, Firemen's executed performance bonds and labor and materialmen's bonds on behalf of Forte Brothers as principal. Pursuant to the Agreement of Indemnity, Todesca agreed to exonerate and indemnify Firemen's for losses and expenses incurred according to the terms of the agreement. When Forte Brothers failed to meet its obligations to various parties, the subcontractors and suppliers on the contracts made claims against the bonds issued by Firemen's as surety. Moreover, several subcontractors, including Coken Company, Inc. (Coken) sued Firemen's in Providence Superior Court seeking payment under the bonds. Judgment entered against Firemen's in Superior Court and Firemen's paid the claims. Subsequently, Firemen's filed suit in the United States District Court for the District of Rhode Island (District Court) against Todesca, for the amounts paid on these claims. On October 2, 2001, a magistrate judge submitted a report and recommendation to the District Court recommending that it grant Firemen's motion for summary judgment. The District Court accepted the magistrate's report on October 31, 2001, and entered judgment in the amount of $389,105.78 for the loss, costs and expenses incurred by Firemen's as a result of the claims made against the bonds it issued. On November 9, 2001, Todesca filed objections to the magistrate's report, and then filed an appeal of the judgment to the First Circuit Court of Appeals (First Circuit) on December 21, 2001. The judgment was affirmed by the First Circuit on November 6, 2002.
In the instant matter, Todesca seeks discovery in connection with the claims paid by Firemen's, which the Plaintiff asserts were the subject matter of the federal court litigation. Firemen's has filed a motion for a protective order, requesting this Court to bar discovery relating to this subject matter, as it is precluded by the doctrine of collateral estoppel.
 Standard of Review
Rule 26(b) of the Superior Court Rules of Civil Procedure states that "parties may obtain discovery of any matter not privileged, which is relevant to the subject matter involved in the pending action" and that even inadmissible evidence may be obtained if "the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Super. R.Civ.P. 26(b)(1). These provisions "are to be construed liberally." Bashforth v. Zampini, 576 A.2d 1197, 1201 (R.I. 1990).
Upon a motion by a party or by the person from whom discovery is sought, this Court may make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Super. R.Civ.P. 26(c). Such an order may enter upon the finding of "good cause shown." Super. R.Civ.P. 26(c). In granting or denying discovery motions, "a Superior Court justice has broad discretion." Colvin v. Lekas, 731 A.2d 718, 720 (R.I. 1999). When discovery sought is neither relevant to the subject matter of the pending litigation, nor reasonably calculated to lead to the discovery of admissible evidence, a protective order may enter. Travelers Ins. Co. v.Hindle, 748 A.2d 256 (R.I. 2000).
 Collateral Estoppel
The central argument posed by the Plaintiff is that collateral estoppel prevents Todesca from taking any discovery relating to Firemen's payments because this issue has been litigated previously in the United States District Court for the District of Rhode Island. The Plaintiff further asserts that in the face of Todesca's challenge as to the appropriateness of Firemen's payments, the District Court rejected Defendant Todesca's argument, and concluded that Todesca was in fact liable to Firemen's for all payments made on Todesca's behalf. Given the District Court action, the Plaintiff argues that the propriety of Firemen's payments has been determined, and that a protective order should enter barring Todesca from taking discovery relating to this particular issue.
Defendant Todesca, on the other hand, maintains that because the District Court action did not address the parties' respective rights to the funds held by the Rhode Island Department of Transportation, collateral estoppel does not apply. In the alternative, Todesca urges this Court to adopt a standard utilized in a Nevada state court case, entitling the Defendant to discovery based on whether or not the Plaintiff was "culpably negligent" in the previous litigation, so as to weigh the equities in favor of the Defendant. Bennett v. Fidelity Deposit Co., 652 P.2d 1178 (Nev. 1982).
As the Plaintiff indicates, collateral estoppel prevents parties from relitigating issues that have already been decided. State v. Jenkins,673 A.2d 1094, 1096 (R.I. 1996). The Jenkins Court sets forth three criteria necessary to establish collateral estoppel. Id. First, there must be an identity of issues. Id. at 1096. Next, the prior proceeding must have resulted in a final judgment on the merits. Id. Finally, the party against whom collateral estoppel is asserted must be the same as or in privity with a party in the prior proceeding. Id.
In the instant matter, this Court finds that all three Jenkins criteria have been satisfied. In reaching this conclusion, this Court is particularly mindful of the opinion by the United States Court of Appeals for the First Circuit, which affirmed the judgment in the District Court action referred to by the parties. Firemen's Ins. Co. v. Todesca,310 F.3d 32 (1st Cir. 2002). In the appellate opinion, the court discussed the allegations made by Todesca relating to Firemen's "arbitrary and unreasonable conduct" in making certain payments. Id. at 37. In fact, the court identified each of the elements of Todesca's argument with particularity, including Firemen's "complete and unreasonable inactivity in delaying several years before paying the Coken claim, failing to answer Coken's complaint or oppose Coken's motion for summary judgment, and neglecting to attempt settlement of Coken's claim."Id. at 37-8. The court went on to examine Todesca's assertion that the amount of the Coken judgment against Firemen's resulted directly from Todesca's delay in paying the claim. Id. at 38. Furthermore, the court addressed Todesca's argument that the Providence County Superior Court erroneously transposed the amounts due Coken from Firemen's and another insurer. Id. The court then turned to the counter-arguments by Firemen's. In particular, the court noted that Todesca failed to present evidence of fraud or collusion on Firemen's part. Id. In this connection, the court engaged in a thorough analysis of the MassachusettsBonding case, which held that when a surety brings an action pursuant to an indemnity agreement giving the surety broad discretion to pay claims, the only defense an indemnitor can raise is that the surety committed fraud or collusion in paying the claim. Massachusetts Bonding Insurance Co. v. Gautieri, 30 A.2d 848 (R.I. 1943). The First Circuit Court then noted that the language in the indemnity agreement between Todesca and Firemen's was similar to the language in the agreement at issue in Massachusetts Bonding. Firemen's Ins. Co. v. Todesca, 310 F.3d 32
(1st Cir. 2002). Thus, the court concluded that Todesca's claim is unavailing, since it failed the requirement to allege and prove fraud or collusion in order to avoid repayment of the claim paid by Firemen's.Id. at 37. "[Todesca] must live by the terms of the [indemnity] agreement, which entitle Firemen's to repayment for all claims paid by it in the absence of fraud or collusion." Id. Accordingly, this Court finds that there is a clear identity of issues between the federal court litigation and the instant matter, so as to satisfy the collateral estoppel requirement in Jenkins. Above and beyond the litigation in the District Court, the First Circuit engaged in a detailed analysis of the very issues for which Todesca seeks discovery. This Court finds that the issues relating to the payments made by Firemen's were fully litigated in the federal court, and that collateral estoppel bars further litigation on this regard. Therefore, evidence in connection with this issue is irrelevant, and consequently, subject to a protective order.
Since this holding resolves the issues at hand, this Court finds no need to address the alternative argument posed by the Defendant, and this Court is not otherwise inclined to adopt the standard created by the Nevada state court.
 Conclusion
After due consideration of the arguments advanced by counsel at oral argument and in their memoranda, this Court finds that good cause has been shown that a protective order should enter, barring discovery relating to the payments made by Firemen's. Accordingly, a protective order shall enter in favor of the Plaintiff.
Counsel shall submit an appropriate order and judgment for entry.
[1] The Firemen's employee served with a notice of deposition is Mark R. Torp.