DECISION
Before the Court in this products liability action is Plaintiffs' Motion to Compel Further Production of Defendants' Complaint Files. The Defendants, Davol, Inc. ("Davol") and C.R. Bard, Inc. ("Bard") (collectively "Defendants"), object to this motion. This Court afforded the parties an opportunity to be heard on February 3, 2011. Jurisdiction is pursuant to G.L. 1956 § 8-2-14.
 I Facts and Travel
The instant matter involves litigation concerning allegations of defects in various models of the Composix Kugel Patches ("CK Patches") manufactured and sold by the Defendants Bard and/or Davol, its wholly owned subsidiary. In their motions, Plaintiffs *Page 2 
Barbara Brokaw, Raymond Mutz, and Tammy Oakley ("Plaintiffs") request this Court to compel Defendants to produce over 3000 complaint files relating to the CK Patch. Plaintiffs allege that these files have not been produced in their entirety and/or have not been produced in the manner in which they were kept in the ordinary course of business. Plaintiffs contend that these files are relevant to the litigation because Defendants base their defense in part on the CK Patch's failure rate prior to a third recall. Therefore, Plaintiffs aver that these complaint files are relevant because they contain information regarding the device's failure rate.
In response, Defendants contend that this request for the hard copy production of over three thousand files is unduly burdensome, expensive, cumulative and inconsistent with Super. R. Civ. P. 26(b)(2). Defendants maintain that their production of electronic databases and spreadsheets, which contain the complaint file information in a searchable and sortable format, satisfied their discovery obligations on this issue. Additionally, Defendants argue that Plaintiffs have failed to demonstrate a pressing need for the files and, therefore, this Court must deny their motion.
 II Analysis A Relevance
Through the discovery process, Rhode Island litigants have the ability to obtain information "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Super. R. Civ. R. 26(b)(1). Within this process, Super. R. Civ. P. 34 requires that a party produce discoverable documents in its "possession, *Page 3 
custody or control." Super. R. Civ. P. 34(a). A requesting party may move for an order compelling discovery if a party fails to respond to a request for production or inspection submitted under Super. R. Civ. P. 34. In granting or denying discovery orders, a justice of the Superior Court has broad discretion. SeeCorvese v. Medco Containment Servs.,687 A.2d 880, 881 (R.I. 1997).
In DeCarvalho v. Gonsalves, the Rhode Island Supreme Court set forth guidelines for courts to consider when reviewing discovery requests. See106 R.I. 620, 626-28, 262 A.2d 630, 634-35 (1970). Specifically, our Supreme Court stated that "[a]lthough we believe that the new Rules of Civil Procedure of the Superior Court with their pretrial discovery techniques have furnished a litigant with a fishing license . . . the litigant may not cast his line until he [sic] has shown the requisite materiality of his request to produce." Id. at 627, 262 A.2d at 634. (citing 1 Kent,Rhode Island Civil Practice, § 34.3, at 281 (1969)). Thus, the burden of demonstrating requisite materiality under Rule 34 rests on the party seeking production. Id.
Plaintiffs argue that the requested hard copy complaint files are relevant to the litigation because they are relevant to the injuries caused by the alleged defects in the CK Patches and whether these injuries were typical incidences. Furthermore, Plaintiffs contend that they must be able to examine the survey of the complete complaint files because the Defendants have raised the low failure rate of CK Patches. Defendants maintain that Plaintiffs, in fact, do not need the hardcopy files to run failure rate analysis because Defendants already have provided the electronic databases with the same information. *Page 4 
In this Court's analysis, this concept of relevancy is to be given a liberal application. DeCarvalho,106 R.I. at 627, 262 A.2d at 634; see also
8 Wright Miller, Federal Practice and Procedure, Civil 3d § 2008 at 142 (stating that "relevancy should be construed liberally and with common sense, rather than in terms of narrow legalisms").[1] Thus, "the test to be applied is whether the material sought is relevant to the subject matter of the suit, not whether it is relevant to the pleadings." DeCarvalho,106 R.I. at 627, 262 A.2d at 634. This concept of relevancy, therefore, is not synonymous with "admissible" at trial.Id.; 8 Wright Miller § 2008 at 144-45; see also
Fed.R.Civ.P. 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."); Super. R. Civ. P. 26(b)(1) ("It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.").
In light of this liberal interpretation, this Court concludes that these complaint files are relevant to the subject matter of the action. Specifically, these complaint files relating to the CK Patch may provide information essential to Plaintiffs' cases, as Defendants have expounded the failure rate as a defense. Additionally, Plaintiffs have shown that these files will bear directly on their expert testimony regarding FDA compliance. As these discovery rules serve the purpose to end the "so-called ambush theory of trial," this Court cannot restrict Plaintiffs from these files. See *Page 5 
1 Robert B. Kent et al., Rhode Island Civil and AppellateProcedure § 26:2 (West 2006) (quoting Licht, Observations onSome Aspects of the Discovery Provision of the New Rules, 1966 R.I. Bar Annual 1, 7).
 B Unduly Burdensome
Defendants argue that this requested production is unduly burdensome and punititve in nature because they have already produced the electronic databases of these files, as well as eighty-one relevant complaint files. They argue that the months of work and significant amounts of money necessary for this task is unduly burdensome because it would cost approximately $160,000 to $195,000 and could take approximately fifty production days to complete.
Similar to Fed.R.Civ.P. 26, Super R. Civ. P. 26 limits discovery if the Court determines that: "(i) the discovery sought is unreasonably cumulative or duplicative; (ii) . . . [or] (iii) the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the issues at stake in the litigation." A court is not required to undertake a detailed analysis of these criteria because they are "not to be treated as separate and discrete grounds for limiting discovery so much as indicia of proper use of discovery." 8 Wright Miller § 2008.1 at 152-53; see also DonggukUniv. v. Yale Univ., 270 F.R.D. 70, 73 (D.Conn. 2010) (stating that a court should consider the specific facts of the case to find whether or not the discovery in question goes too far).
In these three separate matters, Plaintiffs have already received the data spreadsheets with this information and eighty-eight complete complaint files. Defendants *Page 6 
assert that the cost of providing the over-three thousand requested complaint files would range from approximately $160,000 to $195,000 and could take approximately fifty days. Nevertheless, the complaint files are, in fact, relevant to Plaintiffs' cases as a result of the information that these files will provide about the failure rate that the Plaintiffs' expert witnesses may then be able to employ to form an opinion on that subject. To prepare for trial, Plaintiffs should have the complete files, not merely portions. Although the electronic database provides a helpful view into these failure rates, this Court must allow Plaintiffs to obtain the full picture. Thus, this Court cannot conclude that Plaintiffs' aim is to "embarrass or harass," as Defendants contend, because of the relevancy of these files. Therefore, viewing the totality of the circumstances, this Court finds that these files are not unduly burdensome, cumulative, or duplicative.
 III Conclusion
For the foregoing reasons, this Court grants Plaintiffs' Motion to Compel Further Production of Defendants' Complaint Files as they are kept in the usual course of business. This Court, however, denies Plaintiffs' request that this discovery be expedited. Counsel shall submit an appropriate order for entry.
[1] As Rhode Island's discovery rules are substantially similar to the Federal Civil Procedure Rules, this Court will look to the Federal Rules and interpretations thereof for guidance. See CroweCountryside Realty Assocs., Co., LLC v. Novare Engineers, Inc.,891 A.2d 838, 840 (R.I. 2006) (looking to federal court decisions for guidance as to how to interpret a Rhode Island Rule of Civil Procedure where the federal counterpart was "substantially similar"). *Page 1