DECISION
Before the Court in this products liability action is Plaintiffs' Motion to Compel Further Production Related to the Redesigned Composix Kugel Patches. The Defendants Davol, Inc. ("Davol") and C.R. Bard, Inc. ("Bard") (collectively "Defendants") object to this motion. This Court afforded the parties an opportunity to be heard on February 7, 2011. Jurisdiction is pursuant to G.L. 1956 § 8-2-14.
 I Facts and Travel
The instant matter involves litigation concerning allegations of defects in various models of the Composix Kugel Patches ("CK Patches") manufactured and sold by the Defendants Bard and/or Davol, its wholly owned subsidiary. From December 2005 through January 2007, Bard initiated three recalls of various CK Patch models after reports that the memory recoil rings had broken. Beginning in 2001, the CK Patch was *Page 2 
subject to multiple redesigns, including one which was put in place after a recall and an internal investigation.
Plaintiffs renew their motion to compel Defendants to supplement their production of documents related to the redesigned CK Patches. Plaintiffs previously filed this motion in Ingram v. Davol, No. PC 07-4701, which has since been resolved. They argue that the requested discovery is relevant because the Kugel Mesh litigation in this Court contains a number of cases based upon injuries from the redesigned CK Patches. Plaintiffs also maintain that this discovery is relevant to the subject matter of the action because the requested information involves the inherently faulty design of the product and may also lead to admissible evidence regarding Defendants' negligent conduct in investigating the earlier defects and recall. Moreover, Plaintiffs contend that Defendants are required to provide information relating to product design changes that Defendants have undertaken following previous document productions in this matter as a result of the duty to supplement pursuant to Super. R. Civ. P. 26.
In response, Defendants contend that this request to supplement should be denied because it is not based on propounded written discovery in any matter other than Ingram and the MDL request. Defendants further argue that no other case set for trial involves a redesigned CK Patch and, therefore, this requested discovery is irrelevant. Defendants also maintain that this request is overly broad and duplicative because Plaintiffs request a complete production of documents relating to the redesigned patches.
 II Analysis *Page 3 
Through the discovery process, Rhode Island litigants have the ability to obtain information "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."[1] Super. R. Civ. P. 26(b)(1). Within this process, Rule 34 requires that a party produce discoverable documents in its "possession, custody or control." Super. R. Civ. P. 34(a). A requesting party may move for an order compelling discovery if a party fails to respond to a request for production or inspection submitted under Rule 34. In granting or denying discovery orders, a justice of the Superior Court has broad discretion. See Corvese v. Medco Containment Servs.,687 A.2d 880, 881 (R.I. 1997).
The burden of demonstrating requisite materiality under Rule 34 rests on the party seeking production.DeCarvalho v. Gonsalves,106 R.I. 620, 627, 262 A.2d 630, 634 (1970). Within this analysis, the concept of relevancy is to be given a liberal application.Id. at 627, 262 A.2d at 634; see also 8 Wright Miller,Federal Practice and Procedure, Civil 3d § 2008 at 142 (stating that "relevancy should be construed liberally and with common sense, rather than in terms of narrow legalisms").[2] Thus, "the test to be applied is whether the material sought is relevant to the subject matter of the suit, not whether it is relevant to the pleadings." DeCarvalho,106 R.I. at 627, 262 A.2d at 634. This *Page 4 
concept of relevancy, therefore, is not synonymous with "admissible" at trial. ld.; 8 Wright Miller § 2008 at 144-45; see also Fed. Civ. R. P. 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."); Super. R. Civ. P. 26(b)(1) ("It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.")
In this case, the requested documents may lead Plaintiffs to admissible evidence regarding the alleged defects in the CK Patch at issue. Moreover, R.I. R. Evid. 407 allows for the admission of evidence of subsequent remedial measures to prove a previously actionable condition. Accordingly, the documents concerning the redesign of the CK Patch may lead to admissible evidence in CK Patch trials. See Super. R. Civ. P. 26(b)(1). Thus, this Court concludes that documents relating to the redesign of the CK Patch are relevant for discovery purposes.
Although Plaintiffs seek for Defendants to supplement their previous discovery on the redesigned CK Patches, Defendants contend that the discovery sought is not, in fact, related to any previous discovery in this matter. It is undisputed that as apart of the MDL discovery, Defendants have produced the following documents pertaining to the redesigned CK Patch: project files, 510 application for all sizes and models, FDA approvals, emails, and advertising and promotional materials. Additionally, Plaintiffs have deposed over thirty of Defendants' current and former employees, during which Plaintiffs obtained information about the redesigned CK Patch. Defendants, therefore, *Page 5 
argue that this request for production is unduly burdensome as a result of the vast request and the prior production of these documents.
Superior Court Rule of Civil Procedure 26(e)(2)(B) requires a party to supplement its discovery response when "the party knows that the response though correct when made is no longer true or complete and the circumstances are such that a failure to amend the response is in substance a knowing concealment." Additionally, under Super. R. Civ. P. 26(e)(3), a court may impose the duty to supplement responses. Although this duty is limited, it serves the purpose of the discovery rules "to avoid surprises and ambush" at trial. 1 Robert B. Kent et al., Rhode Island Civil andAppellate Procedure § 26:10 (West 2006).
As the "material sought is relevant to the subject matter of the suit," Plaintiffs are entitled to discovery on the redesign of the CK Patch. See DeCarvalho, 106 R.I. at 527, 262 A.2d at 634. Although the previous discovery on the CK Patch took place within other matters, this Court will not compel Defendants to repeat the completed discovery. Thus, Defendants must supplement that previous discovery with any other documents, yet to be produced, [3]
regarding the CK Patch redesign. See Super. R. Civ. P. 26(e).
 III Conclusion
For the foregoing reasons, this Court grants Plaintiffs' motion to compel Defendants to supplement their production of documents and materials related to the redesigned CK Patches. Counsel shall submit an appropriate order for entry.
[1] As an initial matter, Defendants contend that this motion to compel is not based on any propounded discovery requests relevant to this Court. Defendants opine that the motion is based on a 2010 MDL request and that Ingram has since settled. This Court recognizes that each Kugel Mesh case is unique and treats each individually. Nevertheless, due to the potential relevancy of this discovery to all individual Kugel Mesh cases, this Court will treat the instant request as if it was under the Brokaw
caption.
[2] As Rhode Island's discovery rules are substantially similar to the Federal Civil Procedure Rules, this Court will look to the Federal Rules and interpretations thereof for guidance. SeeCrowe Countryside Realty Assocs., Co., LLC v. Novare Engineers,Inc., 891 A.2d 838, 840 (R.I. 2006) (looking to federal court decisions for guidance as to how to interpret a Rhode Island Rule of Civil Procedure where the federal counterpart was "substantially similar").
[3] For example, this Court ordered Defendants to produce hard copy complaints involving the CK Patch in its February 10, 2011 decision. Therefore, Defendants do not have to re-produce any of these complaint files as a result of this decision.